BAERVELDT CONSTRUCTION COMPANY, Appellant, v. NOBLE R. BAGLEY et al.

Division One, November 30, 1910.

1. **APPELLATE JURISDICTION:** Amount in Dispute: Sum Sued for With Interest. Where the petition is on a contract, express or implied, and the allegation is that the defendant is indebted to plaintiff in a certain sum, with interest from a certain date, and prays judgment for both, the Supreme Court has jurisdiction over the appeal, if the judgment is for defendant, and if the amount of the debt (principal and interest), at the date of the judgment, would be, according to plaintiff's al-

legation, in excess of $7,500. In such case the interest de-
manded is a part of "the amount in dispute."

2. **BUILDER'S CONTRACT: Breach: Delay in Work.** The owner
of the property does not commit a breach of the contract
by making a demand, for delay in finishing the building, of
twenty dollars a day, the amount named in the contract as
liquidated damages for such delay, although the court, at the
trial, does not, on a showing of justifiable cause for delay, al-
low that counterclaim.

3. ————: ————: **Withholding Deed to Other Property.** And
where the contractor agreed to furnish all the materials and
labor and preserve the building from mechanics' liens, but
permitted same to be run, the owner did not commit a breach
of the contract by withholding from defendant, till those liens
were paid by the contractor, a deed to other property which the
contractor had agreed to accept as part payment for the work.

4. ————: ————: ————: **Promise to Pay Taxes.** And where
the escrow deed to the other property, to be taken by the
contractor in part payment for the building, relieved the owner
of the obligation to pay the taxes, general and special, for the
current year, was accepted by the contractor, and afterwards,
before he signed the agréement to accept the property as part
payment, he read it, objected to it, and the owner agreed to
pay the taxes, the owner did not commit a breach of the con-
tract by withholding the deed until the contractor paid the
mechanics' liens he had agreed to pay, where there is no
evidence of any breach of the agreement to pay the taxes.

5. ————: ————: ————: **Sold Under Mortgage.** The con-
tractor cannot complain that the property he agreed ·to accept
as part payment has been sold to a stranger under a mortgage
which he assumed to pay.

Appeal from St. Louis City Circuit Court.—*Hon.
Daniel G. Taylor,* Judge.

AFFIRMED.

*Bernard Greensfelder* for appellar⁺.

*Jas. S. Sutherland, Richard A. Jones* and *David
W. Voyles* for respondent N. R. Bagley.

⠆ VALLIANT, J.—Plaintiff, a corporation, sued in
two counts to recover a balance claimed to be due it
for labor and materials which entered into the con-

struction of a certain building, under a contract with the defendant Bagley, and to establish a mechanic's lien on the building: the first count was a declaration on *quantum meruit,* the second on the contract. The balance claimed in the petition is $7038.52 with interest from September 15, 1904, when it became due and demand was made. The suit was begun January 17, 1905; the judgment was rendered June 8, 1906. The cause was tried by the court, jury waived; the finding and judgment were for the defendants and the plaintiff appealed. It is unnecessary to set out the pleadings, as no point on that phase of the case is made, and the points in controversy will sufficiently appear from a statement of the facts. No instructions were asked or given. The plaintiff filed its claim for a mechanic's lien in due time and due form. There is but little, if any, dispute as to the principal facts in the case.

The land on which the building was to be erected was owned by defendant Bagley. The contract price of the building, when completed according to specifications, was $28,913.75. The building was completed and delivered to Bagley, in all respects according to the contract, except that it was not completed within the time specified. It was specified that for every day of delay in the completion beyond the date named the contractor should pay twenty dollars as liquidated damages. At that rate there was delay enough to make the sum to be so paid amount to eighteen hundred dollars and the defendant Bagley in his answer claimed that amount as a counterclaim or off-set, but the evidence showed justifiable cause for the delay, therefore the court found against him on that item; the judgment to that extent was for the plaintiff, and no appeal was taken by defendant.

During the progress of construction there was paid to the plaintiff sums aggregating $21,875.23, leaving a balance of $7038.32 to be settled. The contract required the plaintiff to pay for all the labor and ma-

terials employed and used by him in the building so as to protect it against mechanics' liens, but he allowed bills of that kind to accumulate to the amount of $3515.30 and liens for such bills to be filed. These bills defendant Bagley paid and was therefore entitled to recover that sum of plaintiff or deduct it from the balance due plaintiff, if there was such balance. Bagley set up a counterclaim for that sum.

At the time of entering into the building contract the parties made another agreement in writing whereby defendant Bagley was to convey to plaintiff, or to whom plaintiff might designate, certain real estate on Page Avenue in the city which the plaintiff was to receive, at the agreed valuation of $6,800, in payment to that extent on the price of the building contract. A deed in due form was made by Bagley and wife to Johanna Baerveldt, the person for that purpose designated by the plaintiff, and was, by agreement of the parties, placed in the hands of the Maguire Real Estate Company to be delivered to the grantee when the plaintiff completed its contract.

By the terms of the second agreement it was specified: "that the consideration in said deed being $11,800, less an existing deed of trust for $5000 on said property, leaving an equity of $6800, which $6800 is accepted as a cash payment on contract," etc.—the building contract above mentioned.

There is this difference between the recitals in the deed and those in the agreement, namely: in the deed it is specified that the property is conveyed with covenants of warranty of title "except as against taxes, special and general, for the year 1904, and a certain deed of trust on lots 19 to 23 inclusive to secure payment of five thousand dollars which the said party of the second part [Johanna Baerveldt] covenants and assumes to pay as a part of the consideration of this deed," whereas in the agreement there is no mention of taxes. The deed had been drawn, signed and ac-

knowledged before the execution of the agreement and
Mr. Baerveldt testified that he objected to the mention
of taxes therein, and that the written agreement, speci-
fying only the five thousand dollar deed of trust to be
assumed by the grantee, was so worded to comply with
his objection. Plaintiff offered in evidence a certifi-
cate of title from a title examiner which showed that
certain taxes for the year 1904 were delinquent, but on
objection by the defendants the offer was withdrawn,
and the certificate was not afterwards introduced in
evidence, otherwise than it was attached as an exhibit
to the plaintiff's motion for a new trial.

After the building was completed the plaintiff de-
manded of the Maguire Real Estate Company the deed
held by it in escrow, but that company refused to de-
liver it then because of the unpaid bills for labor and
materials above mentioned, which bills Bagley after-
wards paid. After that, how long after is not shown, the
Page avenue land described in the deed held by the
Maguire Real Estate Company, or that part of it
which was covered by the five thousand dollar deed of
trust, was sold under foreclosure of the trust and the
title passed to a stranger.

The court found that the contract price of the
building was $28,913.75, on which plaintiff had been
paid $21,875.23, leaving unpaid in cash $7038.52,
against which plaintiff was chargeable with the agreed
price of the land covered by the deed in escrow, $6800,
leaving due him $238.52. That there was due the de-
fendant Bagley $3515.30 for the bills for labor and ma-
terial above mentioned less the $238.52, balance due
plaintiff, leaving $3276.78.

The judgment was that plaintiff was not entitled
to a mechanic's lien, that he should recover nothing
on the first count of his petition, that Bagley recover
nothing on his counterclaim for delay, but that he re-
cover of plaintiff on his counterclaim for labor and

materials paid by him the sum of $3276.78 and have execution therefor and a lien for the same on the Page Avenue property described in the escrow, which lien should be prior to any title created by that deed; that the Maguire Real Estate Company deliver to plaintiff or into court for plaintiff the deed so held in escrow and then stand discharged; that the other defendants be discharged, and plaintiff pay the costs of the suit. From that judgment the plaintiff brings this appeal.

I. Perhaps before entering upon a consideration of the merits it is well to notice the facts bearing on the question of the jurisdiction of this court of the cause.

It is an action at law, *ex contractu.* Plaintiff in its petition states that there is a balance due it on the account of $7038.52, that it demanded payment September 15, 1904, and the prayer is for judgment for $7038.52 and interest from that date. The petition was filed January 17, 1905; the amount of the balance claimed, with interest to that date, would be less than $7500, but on the day the judgment was rendered, June 8, 1906, if the plaintiff had recovered what he was then claiming, it would, counting interest to that date, have been $7770.42. But the judgment was that the plaintiff recover nothing on that claim, and the plaintiff is here by appeal from that judgment, claiming now that it should have had judgment then for $7038.52 plus interest from September 14, 1904, to June 8, 1906, that is, $7770.42. That is, therefore, "the amount in dispute," and therefore this court has jurisdiction of the cause.

In considering this subject of jurisdiction, as depending on the amount in controversy, we observe a distinction between an action in tort, where the amount of damages claimed in the petition does not bear interest before judgment, and an action of this kind, where the amount claimed arises out of a contract, express or implied, and where the petition states facts constitut-

ing a right to recover not only the amount specified as principal but also interest.

Schwyhart v. Barrett, 223 Mo. 497, was a suit to recover damages for personal injuries, and it was there said, l. c. 501: "If a plaintiff brings suit for damages and states in his petition the amount for which he sues, if he is cast in his suit and appeals, we go back to the petition and say that the amount there claimed is the amount in dispute. If the plaintiff should in such case recover judgment for a certain amount and the defendant appeals, the amount then in dispute is the amount of the judgment. The date of the dispute in the one case is that of the filing of the petition, in the other it is that of the rendition of the judgment, and in either case the amount in dispute is the amount for which the dispute could at that date have been settled. If not settled then and interest is added, it is added by operation of law, not as a part of the amount in dispute, but as a consequence of withholding it. Interest in such case is a mere incident, a mere sequence."

We call attention to the distinction to be observed in this particular between a case where interest does not run on the amount demanded in the petition and a case where it does run, lest what is said in Schwyhart v. Barrett might be construed as applying to a case of the kind at bar.

2. Appellant contends that defendant Bagley committed a breach of the contract by claiming damages for the delay, which claim was found by the court to be unsound, and that he, having attempted to impose on the plaintiff a deed to the Page Avenue property excepting from the warranty of title the taxes general and special for the year 1904, thereby again committed a breach of the contract, and therefore had no right to insist on the plaintiff's accepting the deed in part payment of the contract, and that because of those breaches plaintiff had the right to refuse to accept the

deed and to demand payment in money of the balance due on the contract, and was justified in allowing those who had filed liens to prosecute their liens to judgments, and then when those claims were paid by Bagley, the latter could deduct the amount of the same from the amount due plaintiff and pay it the balance.

Defendant Bagley cannot be adjudged to have committed a breach of the contract by making a claim for damages for the delay in finishing the building, although his claim was not allowed by the court. If he thought he was entitled to the liquidated damages called for by the contract he had a right to assert the claim, and even if he did not think he was so entitled he committed no act in relation thereto that was detrimental to the plaintiff; he did not withhold the deed to the Page avenue property from plaintiff because of this claim for damages, but it was withheld because of the plaintiff's refusal to pay off the liens that were filed. The plaintiff was in duty bound to pay off those liens and was not entitled to the deed then held in escrow while those liens were standing against the building.

Nor did the plaintiff suffer any wrong because of the language of the deed requiring him to pay the taxes, general and special, for the year 1904. Mr. Baerveldt read the deed before he signed the agreement to accept it in payment of $6800 on his contract, and he knew its contents. He testified that he objected to that clause in the deed, and would not agree to accept it until Mr. Bagley assured him that he would pay the taxes, and on that assurance he agreed to accept the deed in that form; therefore, he cannot claim to have been deceived as to its contents; if he was injured it was by the failure of the defendant Bagley to do what it is alleged he agreed to do in the way of paying taxes, and, as to that, there was no evidence of any breach of that promise, because there was no proof that there were any taxes then delinquent. Plaintiff offered in

evidence a certificate of a professional title examiner indicating that there were taxes delinquent on the property for the year 1904, but the evidence was so clearly incompetent that when objection was made it was withdrawn, and there was no other evidence on that point offered. It does not appear in the record that the plaintiff, before the parties assumed hostile attitudes towards each other or before this suit was brought, ever brought the subject of the alleged promise to pay the taxes to the notice of defendant Bagley or insisted that the taxes be paid. Besides, according to the plaintiff's own showing, it demanded the deed of the Maguire Real Estate Company when the building was finished, well knowing then its contents, and was willing then to take it at the agreed price without making any point in regard to taxes. But at that time the plaintiff was not entitled to the deed, because, although there was a balance of $7038.52 unpaid on the building contract, yet against that balance there was the aggregate sum of $3515.30 of the mechanics' liens filed, which the plaintiff was leaving for defendant Bagley to pay, and which when paid would leave the balance due plaintiff only $3523.22, instead of $6800, the agreed price of the Page Avenue property. He was therefore at that time not entitled to the deed to the property. If since then the title to the property has passed to a stranger, it is because the plaintiff did not take care of the five thousand dollar deed of trust which it was agreed the grantee in the deed should assume. If the grantee had paid the five thousand dollar mortgage, she would now, under the terms of the judgment appealed from, be entitled to the Page Avenue property, agreed to be worth $11,800, against which would stand the amount the plaintiff owes defendant Bagley, $3276.78.

The trial judge had the right conception of the right and justice of the cause. The judgment is affirmed. All concur.