PATRICK F. KELEHER v. E. P. JOHNSON, Administrator of Estate of JOHN B. HENDERSON.

In Banc, December 22, 1917.

1. **APPELLATE JURISDICTION:** Amount in Dispute: Determined by Entire Record. In ascertaining the amount in dispute, in determining appellate jurisdiction, the court is not necessarily bound by

the statement in the petition, but may go to the whole record to ascertain the fact.

2. ——: ——: **Appeal By One Partner After Assignment By Other.** Where one of the two partners assigned his interest in the claim to defendant and the trial court rendered judgment against him and he did not appeal, and the greatest amount, including interest, which the remaining partner could have recovered under his theory of the case was $5813.36, and defendant does not plead a counter-claim, nor seek affirmative relief, but raises only such issues as would if allowed defeat plaintiff's right to recover, the Supreme Court does not have appellate jurisdiction of the case, although both the remaining partner and defendant appeal, and the case was before the Supreme Court on a former appeal before the courts of appeals were given jurisdiction of causes involving less than $7,500.

Appeal from St. Louis City Circuit Court.—*Hon. W. M. Kinsey*, Judge.

TRANSFERRED TO ST LOUIS COURT OF APPEALS.

*Robert E. Collins* for plaintiff.

*E. P. Johnson* and *Barclay, Orthwein & Wallace* for defendant.

WILLIAMS, J.—This suit was instituted by Patrick F. Keleher and William C. Little, as plaintiffs, against John B. Henderson, defendant. The petition alleges that while the plaintiffs were doing business as co-partners under the firm name of Keleher & Company they entered into an agreement with the law firm of Henderson (original defendant herein) and Shields, the substance of which agreement was that in consideration of the services of Keleher & Company in procuring, from the holders thereof, certain county bonds and coupons, for the purpose of having said law firm bring suit thereon and reduce to judgment, the said law firm agreed to pay to Keleher & Company fifty per cent of the fees accruing to said law firm by reason of said employment.

Upon the first trial in the circuit court of the city of St. Louis, judgment was rendered against plain-

tiffs and in favor of defendant on the theory that the contract in suit was champertous and void. From that judgment both plaintiffs appealed to this court, where the judgment was reversed and the cause was remanded. [Kelerher and Little v. Henderson, 203 Mo. 498.]

Upon the second trial the court rendered judgment in favor of plaintiff Keleher and against the defendant in the sum of $1388.81. The trial court also rendered judgment against plaintiff Little upon finding that Little had theretofore assigned his one-half interest in the contract, to the defendant Henderson. From the judgment upon the last trial both the plaintiff Keleher and defendant Henderson appealed, *but plaintiff Little did not appeal* and the judgment as to him became final.

After carefully considering the record before us we have reached the conclusion that we do not have jurisdiction of this appeal and for that reason will limit the statement to such facts as are necessary to an understanding of the jurisdictional question.

Does the ''amount in dispute'' exceed the sum of $7500? That is the sole question. From the record it appears that our jurisdiction cannot be based upon any other ground.

In determining the question of the amount in dispute we are not necessarily bound by the statement in the petition, but may go to the whole record to ascertain the true fact. [Vanderberg v. Gas Co., 199 Mo. 455; State ex rel. v. Reynolds, 256 Mo. 710, l. c. 718.]

In determining the amount now in dispute it must be remembered that the Little interest under the contract *is not* here involved, for the reason that he did not appeal from the judgment denying him a recovery upon his former one-half interest. The Keleher one-half interest under the contract is alone involved.

Under plaintiff's theory of the case the defendant's law firm received as legal fees under the above arrangement twenty-five per cent of $43,386.78 (See page 49 of Plaintiff's Brief), or the sum of $10,846.69. Of this fee plaintiff claims that he and Little were en-

titled to fifty per cent thereof or in other words $5,423.34. It is nowhere contended that plaintiff Keleher's share of this amount exceeds one-half thereof or, to-wit, the sum of $2711.67. If to this amount we add $3,101, which is six per cent interest on the $2711.67 from October 17, 1894, to the date of the judgment below (Construction Company v. Bagley, 231 Mo. 157, l. c. 162), we have a total of $5813.36, the greatest amount which plaintiff Keleher under his theory of the case could have recovered.

Defendant does not plead a counter-claim, nor does he seek affirmative relief, but raises only such issues as would, if allowed, defeat the plaintiff's right to a recovery.

It therefore follows that the "amount in dispute" does not exceed the sum of $7500, and that the cause should be transferred to the St. Louis Court of Appeals. [Rourke v. Holmes Street Ry. Co., 257 Mo. 555.] It is so ordered. All concur.