CLEAVER PYLE, Administrator of Estate of FRANK PYLE, v. UNIVERSITY CITY, Plaintiff in Error.—1 S. W. (2d) 799.

Division Two, December 31, 1927.

*Joseph H. Grand* for plaintiff in error; *Greensfelder, Rosenberger & Grand* of counsel.

*Karl M. Vetsburg* for defendant in error.

WALKER, J.—This is a suit brought in the Circuit Court of St. Louis County by the administrator of the estate of Frank Pyle, deceased, to recover damages for the death of the latter, alleged to have been caused by the negligence of the defendant. Upon a trial a judgment was rendered in favor of the plaintiff in the sum of $7500. A motion for a new trial filed by the defendant was sustained on the ground of alleged error in the instructions. From this order the plaintiff appealed to the St. Louis Court of Appeals, which reversed and remanded the case "with directions to the trial court to set aside the order granting a new trial and to reinstate the verdict and enter a judgment thereon." [279 S. W. 217.]

The defendant's motion for a rehearing was by the Court of Appeals overruled. Thereupon the defendant applied to the Supreme Court for a writ of *certiorari*, alleging that the opinion of the Court of Appeals was in conflict with certain decisions of this court. The record was held by the court to disclose no conflict, and the application for *certiorari* was on the 9th day of April, 1926, denied.

Upon the going down of the mandate of the Court of Appeals to the Circuit Court, the latter, on the 3rd day of May, 1926, in an attempted compliance with said mandate, reinstated the verdict and entered a judgment in favor of the plaintiff for $7500, with interest from the date of the original judgment in the circuit court. On the ground alone of an improper allowance of interest the defendant filed a motion to set aside this entry of the judgment, which was sustained by the trial court, and on the 26th day of July, 1926, a judgment was entered in accordance with the mandate of the Court of Appeals.

On the 12th day of August, 1926, an execution was issued on said last entered judgment. On the 26th day of August, 1926, defendant filed a motion to set aside said judgment or stay the same and to recall the execution. The grounds of this motion were the same as those urged in the Court of Appeals. [279 S. W. 217.] On the 25th day of September, 1926, the circuit court overruled the defendant's motion to set aside the judgment or stay the same and to recall the execution. The defendant thereupon filed a motion for a new trial which being overruled an application was made for an appeal to this court, which was denied on the 4th day of October, 1926. On December 11, 1926, defendant (now the plaintiff in error in this proceeding) applied for and was granted a writ of error to this court. No mention is made in the application for the writ of error of the rendition of the judgment in the plaintiff's favor of July 26, 1926, and of the mandate of the Court of Appeals, ordering the reinstatement of the verdict in plaintiff's favor and the entry of judgment thereon.

The defendant in error (plaintiff below), filed a motion in this court to dismiss the writ of error and affirm the judgment of the circuit court on the ground that all of the matters submitted by the defendant were *res adjudicata* and that the writ of error was without merit. This motion was ordered taken with the case May 24, 1927.

I. However much the record may accentuate the question as to the final adjudication by the Court of Appeals (279 S. W. 217) of all of the matters here attempted to be submitted, we are without authority under the statute prescribing the exclusive jurisdiction, as to the amount in dispute, of the Court of Appeals, and as a consequence defining by limitation that of the Supreme Court, to review the alleged matters of error here submitted. [Sec. 2418, R. S. 1919, enacted in conformity with the provision of the State Constitution; Sec. 3, Art. 6, Amdt. Const. Mo. 1884.]

It is true, as appears from the briefs filed herein, that the question of jurisdiction is not sought to be considered, the parties being content to rest their respective contentions upon the merits of same. This attitude, however, will not suffice to confer power upon this court to review the matters at issue if not within its jurisdiction. It is our duty to raise jurisdictional questions *sua sponte*. [Matlack v. Kline, 190 S'. W. (Mo.) 408.; State ex rel. Thompson v. Bright, 298 Mo. 335, 250 S. W. 599; Mike Berniger Mov. Co. v. O'Brien, 243 S. W. (Mo.) 807; Burns v. Prud. Ins. Co., 295 Mo. 680, 247 S. W. 159; McGregory v. Gaskill, 296 S. W. 123; In re Tannory, 297 S. W. 967.]

II. This suit laid the damages at $10,000. Upon a trial a verdict was returned for $7500, for which judgment was rendered. Under

such circumstances the amount in dispute, within the meaning of the statute (Sec. 2418, supra), where the plaintiff recovers a certain amount and the defendant appeals, is the amount of the judgment recovered, from which the jurisdiction is to be determined. In other words, the amount of the dispute is that for which the suit could have been settled at the time of the rendition of the judgment. If not settled then and interest accrues and is added, the addition is held, especially in cases of tort, to be by operation of law and is not a part of the dispute but is a consequence which results from failure to pay the judgment when due. Or as VALLIANT, J., tersely said in Schwyhart v. Barret, 223 Mo. 497, 122 S. W. 1039, in announcing the foregoing rule: "Interest in such a case is a mere incident, a mere sequence." In harmony with this rule of determining our jurisdiction as dependent upon the amount in dispute, we held in Berry Foundry Mfg. Co. v. International Moulders, 251 Mo. 1. c. 450, that where the defendant only appeals the amount in dispute cannot exceed the sum of the judgment from which the appeal is taken, citing cases. In Mathews v. Met. St. Ry. Co., 231 Mo. 1. c. 625, and Lammering v. Gerhardt, 289 S. W. 338, the ruling in the Schwyhart case is followed concerning the amount in dispute as affecting our jurisdiction.

The record discloses no other question which would confer jurisdiction upon this court. The amount in dispute does not confer it. Within the exercise therefore of the legitimate power of this court the only alternative remaining is to transfer this case to the St. Louis Court of Appeals. It is so ordered. All concur.