Edith E. HARRISON, Plaintiff-Respondent,

v.

Louise E. HARRISON, Interpleader-Appellant,

John E. Harrison, Defendant,

3738 Corporation, a corporation, and William C. Ferguson Company, a corporation, Garnishees.

No. 47827.

Supreme Court of Missouri,

Division No. 1.

April 11, 1960.

128

Robert C. Brinkman, St. Louis, for re-spondent.

Sherman Landau, St. Louis, for appellant.

PER CURIAM.

This case must be transferred to the St. Louis Court of Appeals because the amount in dispute does not exceed $7500.00 (Sec. 3, Art. V, Const., V.A.M.S.) no other ground for our jurisdiction being claimed. On June 2, 1959, the trial court entered judgment finding the amount due plaintiff to be $7421.25 on April 4, 1959, and provided for payment of interest to her from that date at the rate of 6% per annum. Because all after-trial motions were not disposed of until July 29, 1959, notice of appeal was not filed until that date.

Interpleader-Appellant considers this court has jurisdiction on the theory that, with interest from April 4, 1959, to July 29, 1959, the total amount of the judgment and interest exceeded $7500.00 on that date, re-lying on cases which have said jurisdiction must appear at the time the appeal is taken, citing Stuart v. Stuart, 320 Mo. 486, 8 S.W.

2d 613; Shroyer v. Missouri Livestock Commission Co., 332 Mo. 1219, 61 S.W.2d 713, 716; Platies v. Theodorow Bakery Co., 334 Mo. 508, 66 S.W.2d 147, 148; Trokey v. United States Cartridge Co., Mo.Sup., 214 S.W.2d 526, 528; Blair v. Hamilton, Mo.Sup., 292 S.W.2d 578, 580. However, none of those cases involved calculating interest beyond the date of the judgment appealed from and they are authority for the proposition that contingent installments accruing later cannot be considered in de-termining the amount in dispute for pur-poses of jurisdiction.

■■■ It has long been established that to give this court jurisdiction, when interest is considered in determining the jurisdic-tional amount, the principal of a debt re-covered together with interest accrued to the date of judgment must exceed $7500.00; and that interest accruing after judgment cannot be considered. Baerveldt Const. Co. v. Bagley, 231 Mo. 157, 132 S.W. 688; Keleher v. Johnson, 272 Mo. 699, 199 S.W. 935; State ex rel. Commonwealth Trust Co. v. Reynolds, 278 Mo. 695, 213 S.W. 804; Huttig v. Brennan, 328 Mo. 471, 41 S.W.2d 1054, 1061; Newco Land Co. v. Martin, 358 Mo. 99, 213 S.W.2d 504; Cross v. Gimlin, Mo.Sup., 256 S.W.2d 812; Laustrup v. Bankers Life Co., Mo.App., 192 S.W.2d 35. If this was not the rule, every judgment for exactly $7,500 (on a cause of action on which no interest could accrue prior to judgment) would come to this court because of interest accruing (even for a few days) between the date of judgment and date of appeal. (See Pyle v. University City, 318 Mo. 856, 1 S.W.2d 799, 800, and cases cited, holding that "the amount of the dispute is that for which the suit could have been settled at the time of the rendition of the judgment.") In this case, interest at 6% from April 4, 1959, to the date of the judgment, June 2, 1959, add-ed to the principal of $7,421.25 amounted to a total sum less than $7,500.

Therefore, this case is transferred to the St. Louis Court of Appeals.

All concur.