# ALBERT H. SCHWYHART v. MARTIN A. BARRETT et al., Appellants.

### Division One, November 27, 1909.

1. **APPELLATE JURISDICTION: By Consent of Parties.** Consent of counsel on both sides, that the Supreme Court has jurisdiction to hear and determine the cause, does not give the court jurisdiction.

2. **————: Federal Question: Removal of Cause.** The constitutional provision giving the Supreme Court jurisdiction of the appeal "in cases where the validity of a treaty or statute of or authority exercised under the United States is drawn in question," does not give said court jurisdiction where the only point is whether or not the trial court erred in refusing to permit the cause to be removed to the United States Circuit Court. Such a ruling did not involve the validity of the act. At most, it was an erroneous construction of a valid act.

3. **————: Amount in Dispute: Act of 1909: Interest.** The amount in dispute, under the Act of 1909, giving jurisdiction of causes to the courts of appeals "where the amount in dispute, exclusive of costs, shall not exceed seventy-five hundred dollars," meant the amount in dispute at the time the judgment appealed from was rendered, and not the amount in dispute at the time the act was approved. So that if judgment was rendered for $7,500, interest could not be added to that sum until the date of the act, June 12, 1909, so as to give the Supreme Court jurisdiction, but the case should be transferred to the proper court of appeals.

4. **————: ————: Decision of Federal Courts.** When a State court is called upon to construe a State statute relating to the jurisdiction of a State court, it is not always safe to follow a decision of a Federal court construing an act of Congress relating to the jurisdiction of Federal courts, because those courts exercise a peculiar jurisdiction and the acts of Congress concerning the subject are to be viewed from that peculiar standpoint.

Appeal from Daviess Circuit Court.—*Hon. J. W. Alexander*, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

223 Sup—32

*Hicklin, Leopard & Hicklin* and *Brown & Dolman* for appellants.

*K. B. Randolph* for respondent.

VALLIANT, J.—Plaintiff sued the defendants, the Chicago, Rock Island and Pacific Railway Company, Martin A. Barrett, Frank Novak, and H. L. Reed, for damages for personal injuries alleged to have been sustained by him through the negligence of the defendants; the negligence of the railway company consisted, as the petition charged, in the negligent acts of the individual defendants who, it is alleged, were the servants of the railway company operating or directing the operation of its engine and cars which caused the injuries. Plaintiff recovered a judgment against all the defendants for $7,500 on December 14, 1906, from which judgment the defendants appealed to this court and the record was duly lodged here January 19, 1907. At the date of the appeal and the date of the filing of the record here the amount in controversy was sufficient to give this court jurisdiction, but by an act of the General Assembly, approved June 12, 1909 (Laws 1909, p. 397), the courts of appeals were given jurisdiction in causes "where the amount in dispute, exclusive of costs, shall not exceed the sum of seventy-five hundred dollars." And by that act all cases within its purview then pending in this court, not under submission, were to be transferred to the proper court of appeals to be there heard and determined.

Counsel on both sides have agreed that this court had jurisdiction and insist that it be not transferred; but of course consent cannot give jurisdiction of the subject.

Counsel for defendants are of the opinion that there is a Federal question involved which gives this court jurisdiction under section 12 of article 6 of our

State Constitution, the question being the right of the railway company to have the cause removed to the United States Circuit Court for trial.

Counsel on both sides are of the opinion that in estimating "the amount in dispute" with reference to the Act of 1909 interest must be added to the amount of the judgment appealed from, $7,500, from its date, December 14, 1906, to the date of the act of the General Assembly above mentioned, to wit, June 12, 1909, which would raise the sum beyond the jurisdiction by that act conferred on the courts of appeals.

I. The Federal question. The words used in that clause of section 12 of article 6, of our State Constitution which gives this court jurisdiction are: "In cases where the validity of a treaty or statute of or authority exercised under the United States is drawn in question." To give this court jurisdiction under that clause there must be a question of the validity of a treaty or the validity of a statute of or the validity of an authority exercised under the United States. Of course there is no treaty or statute in question and the only suggestion is that by proceeding to try the cause after the petition to remove was filed the validity of an authority exercised under the United States was denied. No one has questioned the validity of the act of Congress under which the application for removal was made, or that the cause should have been removed if it was one which under the terms of that act was removable. Even if the State court had misconstrued the act, the misconstruction would not have drawn in question its validity. In Vaughn v. Railroad, 145 Mo. 57, the defendant pleaded as a defense a compliance with a section of the Interstate Act of Congress, which compliance was denied in the reply, the court said: "The validity of that Federal statute was not drawn in question. The reply put in issue the averment of *compliance* with the law, not the validity of the law." In Commission Co. v. Railroad, 157 Mo. 518,

the court said: ''While by the Constitution ex-
clusive appellate jurisdiction is vested in this court
in cases where the validity of a statute of the
United States is drawn in question (art. 6, sec.
12), we know of no constitutional provision vest-
ing such exclusive jurisdiction in this court in
cases merely involving the construction of the
Federal statutes.'' In Carey v. Schmeltz, 221 Mo. 133,
where the right of action was based on a statute of
Colorado and it was claimed by appellant that a Fed-
eral question was involved, because the trial court hav-
ing construed the Colorado statute to be a penal statute
refused to enforce it, thereby refusing to give full faith
and credit to the public act of another state as required
by section 1 of article 4 of the Constitution of the
United States, but this court held in that case that
even if the trial court had misconstrued the statute
and had based its judgment on such misconstruction,
yet it did not question the validity of the statute, and
decisions of the Supreme Court of the United States
are cited in the opinion in that case sustaining that
view.    Therefore, even if the trial court in the case
at bar had misconstrued the act of Congress in refer-
ence to removal of causes, or if it had erroneously
decided that under the facts of the case, as presented
under the petition for removal, the defendant had not
made out a case for removal under the act of Congress,
still the validity of the act was not questioned or the
authority to remove when a case under the statute was
made.    The worst that the defendant can say is that
the trial court misconstrued the statute or misinter-
preted the pleadings or misunderstood the facts, all of
which questions the defendant would have the right
to ask any appellate court which has jurisdiction of
the cause to review, but they raise no Federal question,
and we neither give nor intimate any opinion con-
cerning them.    We hold that there is no Federal ques-

tion in the case and that we have no jurisdiction on that ground.

II. Until the Act of June 12, 1909 (Laws 1909, p. 397), the pecuniary limit to the jurisdiction of the courts of appeals, was $4,500, but by that act those courts were given jurisdiction of causes "where the amount in dispute, exclusive of costs, shall not exceed seventy-five hundred dollars." Does that mean "the amount in dispute" at the time the judgment appealed from was rendered or does. it mean the amount in dispute at the time the General Assembly spoke, June 12, 1909? Other language in the act directing the transference of causes pending in this court shows that it was intended to apply to cases where judgments had been rendered and appeals had been taken years before, and the emergency section of the act shows that the General Assembly took cognizance of the overburdened condition of the docket of this court. We think the natural inference to be drawn is that the mind of the law-maker was directed to cases where the amount in dispute at the time the judgment appealed from was rendered did not exceed $7,500 and that there was no thought given to the date of the passage of the act or of the influence that date would have on the effect of the act itself.

If a plaintiff brings suit for damages and states in his petition the amount for which he sues, if he is cast in his suit and appeals, we go back to the petition and say that the amount there claimed is the amount in dispute. If the plaintiff should in such case recover judgment for a certain amount and the defendant appeals the amount then in dispute is the amount of the judgment. The date of the dispute in the one case is that of the filing of the petition, in the other it is that of the rendition of the judgment, and in either case the amount in dispute is the amount for which the dispute could at that date have been settled. If not settled then and interest is added, it is added by

operation of law, not as a part of the amount in dispute, but as a consequence of withholding it. Interest in such case is a mere incident, a mere sequence.

Interest has been running on this judgment three years or more, but if interest is to be considered as affecting the question of jurisdiction it would take a case in which the judgment was for $7,500 out of the operation of the statute if the interest had run but a few days or even one day. Therefore, if a judgment for $7,500 should be rendered in a circuit court to-day and application for the appeal should be made a few days hence, the amount in dispute at the date of the appeal would be more than $7,500, and hence the court of appeals would not have jurisdiction. Or if the amount of the judgment was $7,200, and the appeal was taken within a few days of its rendition it would go to the court of appeals, but if the party aggrieved should wish to get his case into this court he could wait ten months during which the interest would accumulate to an amount which added to the original judgment would make the amount in dispute exceed $7,500, and he could then sue out a writ of error and bring his cause to this court. We are satisfied that the General Asembly intended to give the courts of appeals jurisdiction of causes wherein the amount in dispute at the date of the judgment did not exceed $7,500.

There is nothing in what this court said in Pittsburg Bridge Co. v. Transit Co., 205 Mo. 176, to which we are referred, that is in conflict with what we have above said. In that case although the judgment was for an amount beyond the then pecuniary jurisdiction of the courts of appeals, yet the record showed that the defendant at the trial admitted that it owed the plaintiff the amount sued for, but pleaded two counter-claims, one for $4,300, the other for $142.74, the plaintiff admitted that it owed the last mentioned counter-claim but denied the other one for $4,300, and the

trial resulted in allowing the defendant $1,850 on the disputed counterclaim and deducted that amount from the amount sued for and gave judgment for the balance, and defendant appealed. This court said that the only amount in dispute was the difference between $4,300, which defendant claimed as due him on his first counterclaim, and $1,850, which the court allowed him on that claim, and therefore the case was within the jurisdiction of the court of appeals. In that case we took the pleadings and the judgment at its date.

In Vanderberg v. Gas Co., 199 Mo. 455, the plaintiff had sued in an action *ex delicto,* alleging her damages $5,000 compensatory, and $5,000 penal. The trial court sustained a demurrer to the evidence and plaintiff appealed. The record showed that there was no ground for the claim of punitive damages, and that if she was entitled to any compensatory damages they were not more than one or two hundred dollars. There is nothing in that case bearing on the question now in hand.

In State ex rel. v. Broaddus, 212 Mo. 685, it was held that after a judgment had been rendered for $5,500 and several months' interest had accrued, a *remittitur* of $1,000 was entered, but the old judgment was not set aside and a new judgment entered as it should have been, the *remittitur* was to be treated only as a credit on the amount due on the original judgment which, with interest accrued at that time, amounted to $5,632, which left the amount due on the judgment $4,632 at the time the appeal was taken. It was held in that case that if when the *remittitur* was entered the old judgment had been set aside and a judgment for $4,500 entered it would have been within the jurisdiction of the court of appeals.

We are referred to some decisions of the Supreme Court of the United States, but we do not think they sustain the position of the learned counsel. When we are construing a statute of our own State relating to

the jurisdiction of our State courts it is not always safe to follow a decision of a Federal court construing an act of Congress relating to the jurisdiction of Federal courts, because those courts exercise a peculiar jurisdiction and the acts of Congress concerning the subject are to be viewed from that peculiar standpoint.

In Zeckendorf v. Johnson, 123 U. S. 617, the judgment of the trial court was for $4,304.93, the cause was appealed to the Supreme Court of the Territory of Arizona where a judgment of affirmance was had, and from that judgment, that is, the judgment of the Supreme Court of the Territory, appeal was taken to the Supreme Court of the United States. The court said: "The value of the matter in dispute is to be determined by the amount due at the time of the judgment brought here for review, to-wit, the judgment of the Supreme Court of the Territory, and not the time of the judgment of the District Court." That is what we say in this case, that is, that the amount in dispute is to be determined by the amount due at the date of the judgment from which the appeal is taken.

And to the same effect is District of Columbia v. Gannon, 130 U. S. 227. In that case the court quotes with approval what it said on the same subject in Railroad v. Trook, 100 U. S. 112: "In cases brought here on writ of error for re-examination of judgment of affirmance in the Supreme Court of the District of Columbia, the value of the matter in dispute is determined by the judgment affirmed, without adding interest or costs." Benson M. & S. Co. v. Alta M. & S. Co., 145 U. S. 428, is to the same effect.

Our conclusion is that "the amount in dispute" in this case, within the meaning of that term as it is used in the Act of June 12, 1909 (Laws 1909, p. 397), is $7,500, which is the amount for which the judgment was rendered December 14, 1906.

The cause is therefore transferred to the Kansas City Court of Appeals.

All concur.