W. R. ASHBROOK v. WILSON WILLIS, Doing Business As BROOKWOOD FARM & DAIRY COMPANY, Appellant.—89 S. W. (2d) 659.

Division Two, January 4, 1936.

*Harding, Murphy & Tucker* for appellant.

*Cowgill & Popham* and *John F. Cook* for respondent.

BOHLING, C.—Action on plaintiff's petition and defendant's counterclaim for damages arising out of a collision between automobiles owned by plaintiff and defendant. The jury returned a $500 verdict for plaintiff and a $500 verdict for defendant. The trial court, upon motion, granted plaintiff a new trial for error in giving defendant's Instruction No. 5, submitting defendant's counterclaim on the "humanitarian" or "last chance" doctrine.

Defendant assigns error in the sustaining of said motion on the ground said instruction was proper and maintains he is entitled to the reinstatement of his judgment against plaintiff. Plaintiff contends the instruction was improper and assigns further error on the part of the trial court in informing the jury that *plaintiff* had withdrawn his claim for damage to his car, placed at $1056.30 in the petition. Our review of the issues are thus limited under Section 1060, Revised Statutes 1929 (Mo. Stat. Ann., p. 1341), and our Rule 18.

This court is one of limited appellate jurisdiction [Stuart v. Stuart, 320 Mo. 486, 487, 8 S. W. (2d) 613 (1)]. The only possible ground for our jurisdiction over this appeal is that the "amount in

dispute'' exceed $7,500 [Sec. 12, Art. 6, and Secs. 3 and 5, Amend. 1884 of Art. 6, Mo. Const., pp. 108, 118, R. S. 1929; Sec. 1914, R. S. 1929, Mo. Stat. Ann., p. 2587]. The issues presented for review are clearly insufficient to vest appellate jurisdiction here.

■ However, appellate jurisdiction over the subject matter is determined upon the record in the trial court at the time the appeal is granted. [Little River Drainage Dist. v. Houck (en banc), 282 Mo. 458, 460(1), 222 S. W. 384, 385(2) (discussing a constitutional issue); State ex rel. v. Trimble, 326 Mo. 702, 709, 32 S. W. (2d) 760, 762(2) (discussing the ''amount in dispute''). Stuart v. Stuart, supra.] The cases hold we determine our appellate jurisdiction over the subject matter for ourselves; unaffected by actions of omission or commission on the part of the litigants. Whenever necessary to preserve the constitutional integrity of this court, we have reserved to ourselves the right to pierce the shell of the pleadings, proofs, record and judgment sufficiently far to determine that our proper jurisdiction is not infringed upon, or improper jurisdiction is not foisted upon us by design, inadvertance or mere colorable—and not real—amounts [State ex rel. v. Reynolds (en banc), 245 Mo. 698, 704(d), 151 S. W. 85, 87(d); Wilson v. Russler (en banc), 162 Mo. 565, 567, 63 S. W. 370; Keleher v. Johnson (en banc), 272 Mo. 699, 701, 199 S. W. 935; Kingshighway Presbyterian Church v. Sun Realty Co., 324 Mo. 510, 513, 24 S. W. (2d) 108, 109(3); Sleyster v. Donzelot & Son, 323 Mo. 822, 825, 20 S. W. (2d) 69, 70; Pittsburg Bridge Co. v. St. Louis Transit Co., 205 Mo. 176, 179, 103 S. W. 546]; and, as stated in Vanderberg v. Kansas City, Mo., Gas Co., 199 Mo. 455, 458, 97 S. W. 908, by a gradual process of judicial exclusion and inclusion, the meaning of the phrase ''amount in dispute,'' relating to jurisdiction of this court, has been approached as cases involving different phases of the issue have been up for decision. No occasion exists in the instant case to review, in detail, the rulings thus developed.

■ Plaintiff's petition was in two counts—the first for personal injuries placed at $10,000, and the second for damages to his automobile. Plaintiff's motion for new trial assigned as one of the grounds therefor that the damages assessed in favor of plaintiff were inadequate. That issue has neither been briefed nor argued here.

Speaking to a constitutional issue, this court, en banc, through GRAVES, J., in Little River Drainage Dist. v. Houck, supra, held: ''Before the jurisdiction can be divested it must appear to this court (1) that the constitutional question is merely colorable, or (2) that, although at one time substantial, it has been previously passed upon by this court, and is therefore no longer a live question.'' And further: ''Appellant does not brief nor urge his constitutional point in the brief here. From that we can, and do, conclude that his

alleged constitutional question is merely colorable and not substantial.'' [Reference to the original opinion discloses that the word "not" between the words "and" and "substantial" has been omitted from the official publication (282 Mo. l. c. 461).] "By this we pass upon the constitutional question, and find it without substance, and by reason of that fact transfer the cause, but do not agree that either party can by either acts of commission or omission waive our jurisdiction." That case overruled the reasoning in State ex rel. Crow v. Carothers, 214 S. W. 857, and Scott v. Dickinson, 217 S. W. 270, indicating "that the mere abandonment of the constitutional question in this court (although a live one when our jurisdiction obtained) would transfer the case to the Court of Appeals." Notwithstanding statements somewhat similar to the expressions used in the State ex rel. Crow and Scott cases, supra, are to be found in divisional opinions subsequent to the Little River Drainage District case (Cooper County Bank v. Bank of Bunceton, 310 Mo. 519, 524, 276 S. W. 622, 624.; Village of Grandview v. McElroy, 317 Mo. 135, 138, 298 S. W. 760, 762(10); Bankers Mortgage Co. v. Lessley (Mo.), 31 S. W. (2d) 1055, 1058(2); Standard Oil Co. v. Moberly, 324 Mo. 577, 578, 23 S. W. (2d) 1004; Junior v. Junior (Mo.), 84 S. W. (2d) 909, 910(2)), the cases, when considered in the light of the reasoning in the Little River Drainage District case (that is, that the constitutional issue was not one of substance, but of color only), reach the correct result.

In Vanderberg v. Kansas City, Mo., Gas Co., 199 Mo. 455, 458, 97 S. W. 908, plaintiff sued for $5,000 actual and $5,000 punitive damages. This court had jurisdiction over appeals involving $4,500 at the time. Cast on demurrer to the evidence, plaintiff appealed to this court. Reviewing the entire record, this court reached the conclusion no punitive damages were involved and the actual damages were small, within a few hundred dollars, and transferred the case to the Court of Appeals because "the amount in dispute" was insufficient to vest jurisdiction here. The court said: "Where, as in this case, the whole case of plaintiff is presented below and becomes a part of the record through a bill of exceptions, this court has hesitated to give to a plaintiff the whimsical and unregulated power to control its jurisdiction by a mere stroke of his pen in his petition, and we have reserved to ourselves the right in emergency to control the question of jurisdiction by looking into the whole record far enough to do so, by seeing to it that jurisdiction is not foisted upon us by a mere paper or colorable amount in dispute, but is regulated by the real amount in dispute on appeal as disclosed by the entire record."

Under the authorities supra any inadequacy of plaintiff's damages is not presented for review; and from counsel's failure to reason

said issue here, we may, and do, conclude it to be no issue to reason—an issue of color only and not of substance—and insufficient to vest appellate jurisdiction in this court.

The cause is transferred to the Kansas City Court of Appeals. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.