GLENDA LEMONDS, a Minor, by her next friend, C. J. LEMONDS, Appellant-Respondent, v. CARLMAC HOLMES and B. W. YOUNG, Respondents, DEWEY RAMSEY and VIRGIL GREENWAY, Appellants, No. 41549—229 S. W. (2d) 691.

Court en Banc, May 8, 1950.

*Ward & Reeves* for appellants Dewey Ramsey and Virgil Greenway.

*McHaney & McHaney,* *Hal H. McHaney* and *Flake L. McHaney* for appellant-respondent.

*Elbert L. Ford* and *Jones & Jones* for respondents Carlmac Holmes and B. W. Young.

BOHLING, C.—Glenda Lemonds, by her next friend, C. J. Lemonds, sued Dewey Ramsey, Virgil Greenway, Carlmac Holmes and B. W. Young for $20,000 damages on account of personal injuries sustained in an automobile accident. The jury returned a verdict in favor of plaintiff and against Ramsey and Greenway, assessing plaintiff's damages at $5,000; and against plaintiff and in favor of Holmes and Young. After their respective motions for a new trial were overruled, Ramsey and Greenway appealed from the judgment in favor of plaintiff and plaintiff appealed from the judgment in favor of Young and Holmes. Said appeals were lodged here.

Plaintiff, not complaining of or appealing from her $5,000 judgment against Ramsey and Greenway, presents no issue respecting the amount of said judgment. The sole issue upon plaintiff's appeal is that plaintiff's motion for a directed verdict against Holmes and Young should have been sustained. This raises the question of our appellate jurisdiction. Brief mention of some of the underlying principles governing appellate jurisdiction may be of value.

We have jurisdiction ''in all cases where the amount in dispute, exclusive of costs, exceeds the sum of $7,500.'' Mo. Const. 1945, Art. V, § 3. Consult Mo. Const. 1875, Art. VI, § 12; Amend. of 1884, § 3; Mo. R. S. 1939, Vol. I, pp. 113c, 123c; § 2078, R. S. 1939; Mo. R. S. A.

''The amount in dispute * * * is determined by the amount that actually remains in dispute between the parties, *on the appeal,* and

subject to the determination by the appellate court of the legal questions raised by the record.'' State ex rel. v. Reynolds, 245 Mo. 698, 703, 704, 151 S. W. 85, 87. It should not exceed the actual amount the claimant asks and for which the dispute could be settled. Cf. Schwyhart v. Barrett, 223 Mo. 497, 501, 122 S. W. 1049, 1050; Shroyer v. Missouri Livestock Comm. Co., 332 Mo. 1219, 1226[7], 61 S. W. 2d 713, 715[9].

Being a court of limited appellate jurisdiction, our jurisdiction must affirmatively appear of record and is not to be left to chance, speculation or conjecture. Higgins v. Smith, 346 Mo. 1044, 144 S. W. 2d 149, 151[5, 6]; McGregory v. Gaskill, 317 Mo. 122, 296 S. W. 123, 124[3, 4]; Platies v. Theodorow Baking Co., 334 Mo. 508, 66 S. W. 2d 147, 148[2]; Hanssen v. Karbe (Mo.), 106 S. W. 2d 415[2, 3].

Disputed amounts eliminated at the trial are eliminated in arriving at the amount in dispute. Bietsch v. Midwest Piping & S. Co. (Mo.), 76 S. W. 2d 1079; Pittsburg Bridge Co. v. St. Louis Trans. Co., 205 Mo. 176, 103 S. W. 546; Esmar v. Haeussler, 341 Mo. 33, 34[1, 2], 106 S. W. 2d 412[1-3].

Our jurisdiction depends on live issues, issues really in existence. Issues involving amounts in excess of $7,500 which stand abandoned on appeal have been considered colorable and meritless, and insufficient to vest appellate jurisdiction here. Ashbrook v. Willis, 338 Mo. 226, 89 S. W. 2d 659, 660[6]; Buddon Realty Co. v. Wallace (Mo.), 188 S. W. 2d 28, 29[2]; Ewing v. Kansas City, 350 Mo. 1071, 169 S. W. 2d 897, 900[3-5, 7]; Kingshighway Presbyterian Church v. Sun Realty Co., 324 Mo. 510, 24 S. W. 2d 108, 109[3]. See 21 C. J. S. 668, § 409.

We reserve to ourselves the right to pierce the shell of the pleadings, proofs, record, and judgment sufficiently far to determine that our proper jurisdiction is not infringed upon, or improper jurisdiction is not foisted upon us. State ex rel. v. Reynolds, 245 Mo. 698, 704(d), 151 S. W. 85, 87(d); Vanderberg v. Kansas City, Mo., Gas Co., 199 Mo. 455, 458, 97 S. W. 908.; Buddon Realty Co. v. Wallace (Mo.), 188 S. W. 2d 28, 30[1]; Ashbrook v. Willis, 338 Mo. 226, 228[2], 89 S. W. 2d 659[5], citing cases.

Plaintiff says she prayed for $20,000 damages and since there was a verdict in favor of Holmes and Young, the controversy between said litigants involves $20,000, citing Bunner v. Patti (Mo. App., 1937), 107 S. W. 2d 143*; and that appellate jurisdiction is not

---

*This court retained jurisdiction of Bunner v. Patti (1938), 343 Mo. 274, 121 S. W. 2d 153, on the ground Bunner "recovered a judgment slightly in excess of $7,500," and not, as assigned by the court of appeals, that Bunner's cross-appeal vested jurisdiction here because he prayed for $15,000 damages. The record on file discloses that Bunner recovered a judgment for $10,000 on March 27, 1936, against several defendants but

changed because a verdict was secured against codefendants Ramsey and Greenway for $5,000, citing Walsh v. Southwestern Bell Tel. Co. (1938), 331 Mo. 118, 52 S. W. 2d 839, 840[1-3]. See the earlier case of Morton v. Southwestern T. & T. Co. (1920), 280 Mo. 360, 217 S. W. 831, 833[1], and the later cases of Atterbury v. Temple Stephens Co. (1944), 353 Mo. 5, 181 S. W. 2d 659, 660; Brown v. Reorganization Inv. Co. (1942), 350 Mo. 407, 166 S. W. 2d 476, 478[1]; Ruehling v. Pickwick-Greyhound Lines, Inc. (1935), 337 Mo. 196, 85 S. W. 2d 602.

The Walsh and Morton cases, supra, and cases there cited, are authority for the propositions that there can be only one final judgment, finally disposing of the case as to all parties (§ 1243, R. S. 1939, Mo. R. S. A.); that a case remains one case on appeal notwithstanding two or more parties take an appeal from the judgment, and that when the appeal of any appellant vests jurisdiction here, the whole case must be heard here. Accordingly, we have taken jurisdiction where plaintiff has appealed from a judgment exonerating one defendant, although a codefendant was held liable for $7,500 or less, when plaintiff prayed for a judgment in excess of $7,500.

In Stotler v. Chicago & Alton Ry. Co. (1906), 200 Mo. 107, 149, 98 S. W. 509, 522, no case was made against one of several appealing tortfeasor judgment debtors, and the court held: "We consider it established on reason and authority that we may reverse as to one tortfeasor and affirm the judgment as to others. * * * The earlier doctrine was to look on a judgment as an entirety and to be reversed as to all, if reversed as to one." Cf. State ex rel. v. Haid, 328 Mo. 208, 40 S. W. 2d 1048; Hatton v. Sidman (Mo. App.), 169 S. W. 2d 91, 99[12].

At the time of the Walsh and Morton cases, supra, as well as for sometime subsequent thereto, the amount in dispute was the amount prayed for in plaintiff's petition where plaintiff appealed from a judgment exonerating one of several tortfeasors although plaintiff secured a judgment for $7,500 or less against the other tortfeasors because, as held in the cases infra, if plaintiff's appeal disclosed error and there was no error respecting plaintiff's judgment against the other defendants it was necessary under the law as it then stood to remand the case for new trial, material to the instant issue, on the issue of plaintiff's damages as to *all* defendants, including any defendant previously held liable, and on the issue of liability as to the exonerated defendant only. This holding was on the theory that two trials would result in verdicts for different amounts, improper in a tort action against codefendants.

the jury exonerated one defendant; that a new judgment, upon Bunner's remittitur of $2,500, was entered on August 3, 1936, and was for $7,500 and interest from March 27. 1936, at 6% per annum, which as stated by court en Banc, vested jurisdiction here.

Neal v. Curtis & Co. Mfg. Co. (Div. I, 1931), 328 Mo. 389, 417 et seq., 41 S. W. 2d 543, 556[23-34]; Barr v. Nafziger Baking Co. (Div. I, 1931), 328 Mo. 423, 435, 436, 41 S. W. 2d 559, 564[11-15].

However, the situation changed with the overruling of the Neal and the Barr cases, supra, in Hoelzel v. Chicago, R. I. & P. Ry. Co. (Div. I, 1935), 337 Mo. 61, 76[8], 85 S. W. 2d 126, 133 [16, 17.] We there held that where error necessitating a new trial affected the rights of a defendant as to liability only and there was no error with respect to other defendants, "the verdict as to both liability and amount of damages" could stand as against any defendant not prejudiced by error and should be held in abeyance until a determination of the liability of the other defendant, to be followed by a "judgment for the amount of the verdict held in abeyance against all defendants finally held liable." The court approved and extended what was said in Stotler v. Chicago & A. Ry. Co., quoted supra, to embrace the amount of the verdict. Plaintiff, consequently, is now permitted to hold the amount of a verdict about which no question is presented. See 5 C. J. S. 1448, §§ 1935, 1964, 1989; 3 Am. Jur. 724, §§ 1226-1228; Annotations, L. R. A. 1917E, 239, Ann. Cas. 1917E, 880; 19 Mo. Bar Bul. 38. This is in harmony with our new Civil Code, Laws 1943, p. 395, § 140(c), Mo. R. S. A., § 847.140(c). Consult Laws 1943, p. 388, § 115, Mo. R. S. A., § 847.115.

This change effected in our law by the Hoelzel case has been followed and applied in McCombs v. Ellsberry, 337 Mo. 491, 85 S. W. 2d. 135, 141; Yerger v. Smith, 338 Mo. 140, 89 S. W. 2d 66, 78; Lambert v. Jones, 339 Mo. 677, 98 S. W. 2d 752, 760; Brown v. Reorganization Inv. Co., 350 Mo. 407, 166 S. W. 2d 476, 484, and other cases.

In view of our general holdings hereinbefore mentioned, the right of a plaintiff to hold the amount of a verdict about which no question is raised, the fact that no issue is presented here involving any inadequacy of the $5,000 judgment, and that at all times since the verdict and judgment defendants Holmes and Young could have satisfied plaintiff's claim by confessing judgment in favor of plaintiff for $5,000, the amount in dispute on this appeal is $5,000 notwithstanding plaintiff's prayer for $20,000 damages, and appellate jurisdiction is in the court of appeals.

The effect of the Hoelzel case, supra, upon the appellate jurisdictional issue was not considered in Atterbury v. Temple Stephens Co., Brown v. Reorganization Inv. Co., Ruehling v. Pickwick-Greyhound Lines, Inc., or Bunner v. Patti (Mo. App.), all supra. They are no longer to be followed insofar as they may conflict herewith.

The cause is transferred to the Springfield Court of Appeals.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the Court en Banc. All concur.