111 So.2d 446 (1959)
CITY OF MIAMI, a Municipal Corporation, Appellant,
v.
Micheal STECKLOFF, individually and as Trustee, and Diane Steckloff, his wife, Appellees.
Supreme Court of Florida.
April 29, 1959.
William L. Pallot and Jack R. Rice, Jr., Miami, for appellant.
Brigham, Wright, Dressler & Rearick, Miami, for appellees.
THORNAL, Justice.
Appellant, City of Miami, which was defendant below in a declaratory judgment proceeding, seeks reversal of a final decree involving the validity of a statute.
Several points for reversal are cited but we are bound to note a jurisdictional defect which precludes our consideration of the matter.
Appellees Steckloff filed a complaint for declaratory decree alleging, among other things, the unconstitutionality of Chapter 30688, Laws of Florida 1955. The Chancellor agreed with the appellees and by his final decree declared the cited statute to be unconstitutional. The City of Miami, which was defendant below, appealed assigning numerous errors.
*447 Our jurisdiction has been invoked under Article V, Section 4, Florida Constitution, F.S.A., apparently on the ground that the final decree was one directly "passing upon the validity of a state statute * * *."
If the appellant had by its briefs and points raised in this court asserted its right to a review of that aspect of the decree which passed on the validity of a statute, we would undoubtedly have jurisdiction. This, however, the appellant has failed to do. By its brief on appeal the appellant city makes no contention whatsoever that the trial judge committed error in declaring the statute invalid. The only points raised and argued by appellant are that the trial judge was "without jurisdiction" to determine the constitutionality of the statute and that the plaintiffs were estopped to raise the question. The sum of the points argued and submitted for our consideration, therefore, are merely that the trial court lacked jurisdiction and that the doctrine of estoppel should be applied against the appellees, who were the plaintiffs below.
Obviously the appellant has presented no matter for our consideration which is comprehended within our jurisdictional limits delineated by the Constitution. It is an established rule that points covered by a decree of the trial court will not be considered by an appellate court unless they are properly raised and discussed in the briefs. An assigned error will be deemed to have been abandoned when it is completely omitted from the briefs.
We have several times noted that the constitutional provisions defining the jurisdiction of the Supreme Court of Missouri are similar to those which define our own jurisdiction. In Bankers Mortgage Co. v. Lessley, Mo., 31 S.W.2d 1055, the Supreme Court of Missouri held that even though a constitutional question is timely raised in the trial court, it will be deemed abandoned if not briefed and urged in the Supreme Court. It was further held that when jurisdiction depends solely upon the involvement of such a constitutional question which is abandoned, the case will not be retained for consideration even though at the outset it would properly appear to have been within the orbit of the Supreme Court's jurisdiction because of the trial court ruling. State ex rel. Town of Olivetta v. American Tel. & Tel. Co., Mo., 273 S.W.2d 286; Mo. App., 280 S.W.2d 134; City of St. Louis v. Butler, 358 Mo. 1221, 219 S.W.2d 372; Mo. App., 223 S.W.2d 831; Stribling v. Jolley, 362 Mo. 995, 245 S.W.2d 885; 241 Mo. App. 1123, 253 S.W.2d 519; McGuire v. Hutchison, 256 Mo. 203, 201 S.W.2d 322; 240 Mo. App. 504, 201 S.W.2d 521.
We ourselves have noted that where a contention as to unconstitutionality of a statute is obviously frivilous or, at most, merely colorable and is employed solely to provide some appearance of a basis for invoking this court's jurisdiction, we will not retain jurisdiction but will transfer the cause to the proper Court of Appeal. Evans v. Carroll, Fla. 1958, 104 So.2d 375. When the appellant fails to assert his right to appeal from the aspect of the decree which passes on the validity of a statute or fails to rely on such aspect of the decree as a point on appeal, we have the view that he fails to bring himself within the constitutional jurisdiction of this court insofar as this particular phase of our jurisdiction is concerned. In other words, he abandons his right to have this court review the decree. He must seek review in the court which has jurisdiction of the other aspects of the matter. Little River Drainage Dist. v. Houck, 282 Mo. 458, 222 S.W. 384; Ashbrook v. Willis, 338 Mo. 226, 89 S.W.2d 659.
We are not here presented with a situation where an appellant properly invokes our jurisdiction by seeking a ruling on the constitutionality of a statute and simultaneously urges that, having properly taken jurisdiction, we proceed to dispose of related incidental points which, if considered in isolation, would not fall within the *448 jurisdiction of this court. In the instant case the appellant has merely failed to appeal that aspect of the decree passing on the statute by failing to raise the point in this court. He has thus failed to assert his right to have the decree reviewed here.
The points actually raised by the appellant are well within the constitutionally defined jurisdiction of the courts of appeal and we are not authorized to step across the boundary which separates us. To this end, the notice of appeal and all other papers filed herein shall at the expiration of five days from the filing of this opinion be transferred to the District Court of Appeal of Florida, Third District. Rule 2.1, subd. a(2) (5) (d), Florida Appellate Rules, 31 F.S.A.
It is so ordered.
TERRELL, C.J., and THOMAS, HOBSON and O'CONNELL, JJ., concur.