Bridget MAYOR, Respondent,

v.

Paul MAYOR, Appellant.

No. 48593.

Supreme Court of Missouri,

Division No. 2.

Sept. 11, 1961.

Samuel Richeson, Dearing, Richeson & Weier, Hillsboro, for appellant.

Jeremiah Nixon, Thurman, Nixon & Blackwell, Hillsboro, for respondent.

STOCKARD, Commissioner.

The trial court entered judgment granting respondent a divorce and awarding her $7,500 alimony in gross. In the judgment it was provided that "the cost of the real estate appraisal, in the sum of fifty dollars ($50.00), together with an attorney fee of two hundred dollars ($200.00) to plaintiff's attorneys, are taxed as costs, and all costs in this cause are taxed against the defendant." An appeal to the St. Louis Court of Appeals was taken prior to the effective date of Senate Bill No. 7 of the 70th General Assembly which increased the appellate jurisdiction of courts of appeals to and including $15,000. That court transferred the appeal here. Mayor v. Mayor, Mo. App., 340 S.W.2d 172. This court has jurisdiction of this appeal only if "the amount in dispute, exclusive of costs, exceeds the sum of seventy-five hundred dollars." Section 3, Article V, Constitution of Missouri, V.A.M.S.

Appellant challenges the granting of the divorce to respondent and the award of any alimony. We shall assume that this places in dispute the sum of $7,500 awarded as alimony in gross. See Gomez v. Gomez, Mo.Sup., 336 S.W.2d 656. However, this amount standing alone does not vest appellate jurisdiction in this court. Appellant does not purport to challenge the award of $200 as attorney fees. If appellate jurisdiction is here, it is because the sum of $50 for the expense of a real estate appraisal,

**62** ■ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

which was ordered taxed as costs, is in dispute on this appeal.

In his brief appellant asserts that the trial court had no "jurisdiction to allow an appraiser's fee." The St. Louis Court of Appeals, mindful of the fact that it had jurisdiction of this appeal only if the amount in dispute, exclusive of costs, did not exceed $7,500, stated that it could find no statute authorizing the assessment of an appraiser's fee as costs in a divorce case, and therefore the $50 award was not to be excluded, on the basis that it constituted costs, in ascertaining the amount in dispute for the purpose of determining appellate jurisdiction. We shall not re-examine the theory advanced by the St. Louis Court of Appeals because, assuming it to be correct, whether or not the taxing of costs against appellant in the amount of $50 for the real estate appraisal was correct is not, as we shall now demonstrate, a live issue for determination on this appeal.

■ The Supreme Court of Missouri is a court of limited appellate jurisdiction, and its jurisdiction must affirmatively appear of record as of the date of the appeal. Hanssen v. Karbe, Mo.Sup., 106 S.W.2d 415; Kansas City Terminal Railway Co. v. Kansas City Transit, Inc., Mo.Sup., 339 S.W.2d 766; Hemphill v. Jackson, Mo.Sup., 304 S.W.2d 7; Trokey v. United States Cartridge Co., Mo.Sup., 214 S.W.2d 526. "The amount in dispute * * * is determined by the amount that actually remains in dispute between the parties *on the appeal*, and subject to the determination by the appellate court of the legal questions raised by the record." Lemonds v. Holmes, 360 Mo. 626, 229 S.W.2d 691, 692, quoting from State ex rel. Federal Lead Co. v. Reynolds, 245 Mo. 698, 703–704, 151 S.W. 85, 86; Johnson v. Duensing, Mo.Sup., 332 S.W.2d 950. The issues upon which appellate jurisdiction is based must be live issues "preserved in the record and presented for review upon appeal," Johnson v. Duensing, supra at page 953; Winslow v. Sauerwein, 365 Mo. 269, 282 S.W.2d 14,

16; Vannorsdel v. Thompson, Mo.Sup., 315 S.W.2d 121, 123, and issues "which stand abandoned on appeal have been considered colorable and meritless, and insufficient to vest appellate jurisdiction here." Lemonds v. Holmes, supra at page 692 of 229 S.W. 2d. See, also, Ashbrook v. Willis, 338 Mo. 226, 89 S.W.2d 659, 660; Ewing v. Kansas City, 350 Mo. 1071, 169 S.W.2d 897, 900. This court will examine the record presented for review to determine the live issues presented for decision for the purpose of ruling on its jurisdiction of the appeal. Johnson v. Duensing, supra at page 953 of 332 S.W.2d; Vordick v. Vordick, 281 Mo. 279, 219 S.W. 591, 593.

■ In our examination of the record presented for review in this case we find that appellant made no mention whatever in his motion for new trial of the allowance of an appraiser's fee or the taxing as costs of the expense of a real estate appraisal. Except as specifically authorized by exception to the general rule no claim of error may be considered by an appellate court on appeals in civil cases unless it was presented to or expressly decided by the trial court. Section 512.160 RSMo 1959, V.A.M.S.; Civil Rule 79.03, V.A.M.R. One exception set forth in Civil Rule 79.03 (and also in Section 512.160) is that "questions of jurisdiction * * * over the subject matter" need not be presented in a motion for new trial in order to be preserved for appellate review. While appellant refers in his brief to the "jurisdiction" of the trial court to award an appraiser's fee, he does not contend that the trial court did not have jurisdiction of the subject matter of the suit or proceeding pending before it. For example see Bradley v. Bradley, Mo.App., 295 S.W.2d 592, where the defendant-appellant filed no motion for new trial but was permitted to challenge on appeal the award of expense money because the basis of his contention was that "plaintiff had not established the necessary residence in Missouri to give the court jurisdiction over the divorce proceedings." A court having jurisdiction of the subject matter of the suit

or matter pending before it may make a mistake or exceed its authority, but if it does so that is a trial error; it does not involve a question of jurisdiction of the subject matter in the sense the term is used in the Rule or in Section 512.160. It might be said that in one sense a court does not have "jurisdiction" to take any improper action. However, to use the term in this sense confuses the issue of whether the court has the power to hear and determine the particular case or matter pending before it, 21 C.J.S. Courts § 21, with the question of whether, having that jurisdiction, the court has acted improperly or as sometimes said and perhaps incorrectly, in excess of jurisdiction. 21 C.J.S. Courts § 25. No motion for new trial is necessary to preserve for appellate review questions of the first type; presentation in a motion for new trial is necessary to preserve for appellate review those questions of the second type. If this were not so, every erroneous ruling of a court would be without its jurisdiction, and a motion for new trial would not be necessary to preserve for appellate review any alleged erroneous ruling.

Another exception set forth in Civil Rule 79.03 is that a motion for new trial is not necessary to preserve for appellate review "questions of the sufficiency of the evidence to support the judgment in cases tried as provided by [Civil] Rule 73.01," that is, cases tried by the court upon the facts without a jury, or with an advisory jury. Appellant does not purport to question on this appeal the sufficiency of the evidence to support that part of the judgment taxing as costs the expenses of a real estate appraisal if the court otherwise was authorized to take such action. This exception does not apply to the pending situation, and the other exceptions in the Rule are obviously not applicable.

It has been held that when no complaint is made in a motion for new trial of the assessment of costs, the question is not reviewable on appeal. Wolz v. Venard, 253 Mo. 67, 161 S.W. 760. In State ex rel. State Highway Commission of Missouri v. Graeler, Mo.App., 303 S.W.2d 944, 946, the court was considering the question of the proper procedure to challenge in the trial court the taxing of costs other than those determined by the clerk after entry of judgment. It was there said by way of quotation from Paul v. Minneapolis Threshing Mach. Co., 87 Mo.App. 647, and Beecham v. Evans, 136 Mo.App. 418, 117 S.W. 1190, that " ' "When items of costs are specifically allowed by the trial court and adjudged against a party, such allowance and judgment cannot be reached by the ordinary motion to retax, * * *. *A motion for a new trial within the proper time is the only way for obtaining revision of a specific judgment for costs.*' " (Italics supplied.)

The question of whether the trial court erred in taxing as costs the expenses of a real estate appraisal is not a live issue on this appeal, and the amount so taxed may not be considered in determining the amount in dispute for purposes of appellate jurisdiction. "The office of a motion for a new trial is to gather together the rulings complained of as erroneous, and solemnly and formally present them, one by one, in black and white to the judge in order that he have a last chance to correct his own errors without the delay, or expense, or other hardships of an appeal. This much is required. Less does not preserve the rulings for review." Fruit Supply Co. v. Chicago, B. & Q. R. Co., Mo.App., 119 S.W.2d 1010, 1011.

For the above reasons this appeal is transferred to the St. Louis Court of Appeals.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.