ON REHEARING
HATCHETT, Justice.
This case is before us on direct appeal from appellant’s conviction of violating section 559.51, Florida Statutes (1975), which subjects officers and directors of cemetery companies to criminal misdemeanor penalties for their failure to make required contributions to care and maintenance trust funds. Appellant made several objections in the trial court to the constitutional validity of certain provisions of the statute.[1] On the basis of these alleged constitutional infirmities of the statute, this court accepted jurisdiction and heard argument.[2] We now conclude that the constitutional issues raised here are frivolous with regards to the crimes under which appellant was charged and convicted. In order to avoid further repetitious and unnecessary expenditure of judicial labor by lower appellate courts, however, we have considered the other issues raised by appellant and find them also to be without merit.
Appellant was President of Belleview Memorial Park Association, a Florida cemetery company. In his official capacity, appellant had primary responsibility over the financial affairs of the company, and exercised exclusive authority and control over the care and maintenance trust fund. Florida Statutes[3] require that every cemetery company in this state establish care and *506 maintenance trust funds as a condition of operation, in order that grave sites be maintained in perpetuity. Sections 559.41 and 559.43 set forth specific guidelines which all cemeteries in this state must follow in establishing care and maintenance trust funds. The pertinent portions of section 559.43 require that there be set aside and deposited in the care and maintenance trust fund by the cemetery company ten percent of all payments received from the sale of grave sites and mausoleums. In addition, these deposits to the care and maintenance trust fund must be made by the cemetery company not later than five days following the close of the calendar month in which payments were received. Section 559.51, Florida Statutes (1975), states:
The officers and directors, or persons occupying similar status or performing similar functions, of any cemetery company, cemetery sales organization, cemetery management organization, or cemetery broker, as defined in this part, failing to make required contributions to the care and maintenance trust fund or any other trust fund or escrow account provided herein shall be guilty of a misdemeanor of the first degree, and upon conviction thereof, shall be punished in the manner prescribed by law.
In 1975 and 1976, Belleview Memorial Park Association encountered serious financial difficulties, and failed to make required contributions to the care and maintenance trust fund, resulting in a deficit in this fund. In an attempt to cover these deficits, appellant assigned to Belleview Memorial Park a mortgage from another recently incorporated company of which appellant was president. The cemetery company continued to make sales through the middle of 1976, but failed to deposit any additional sums in the trust fund as required by statute. The evidence presented at trial is clearly sufficient to support the conclusions that appellant was the corporate officer responsible for making required contributions to the trust fund account, and that he failed to make such payments.
On appeal, appellant raises four issues: (1) whether the trial court erred in denying appellant’s motion for directed verdict and new trial on the grounds the state had failed to prove appellant did not make required contributions under section 559.51, Florida Statutes (1975); (2) whether the trust fund statutes are unconstitutional for vagueness, and by reason of the standard-less discretion vested in the Department of Banking and Finance to control the size of the trust corpus and the necessity for continuing contributions thereto; (3) whether section 559.51 is violative of article I, section 16, Florida Constitution, to the extent it uses criminal penalties to enforce contractual rights; (4) whether the court erred in failing to grant defendant’s motion for judgment of acquittal by reason of variance between the proof offered by the state and material allegations in the information.
The essence of appellant’s first issue argues that the term “required contributions” is not defined in the statute. Appellant argues that the contributions required by statute should be defined to equal those payments which are necessary in order to maintain a sufficient trust fund corpus and that his failure to make certain payments to the trust fund, following additional sales of grave sites did not create a deficit in the trust corpus. Appellant asserts that the evidence presented at trial is insufficient to support his conviction because the state failed to prove that a deficit resulted in the trust fund account. We disagree. A prima facie case to support a conviction under this statute requires proof that the person charged with the criminal violation was an officer or director responsible for making such payments to the trust fund, and that these required ten percent contributions of each sale were not made within the fixed period of time. However, we do not wish to imply that the legislature has intended to create a strict liability criminal offense mandating a conviction upon such a prima facie showing of guilt, without regard to any other factors which the defendant might raise with regards to his *507 culpability.[4] A defendant may introduce evidence which may excuse his failure to make these required payments. Although these evidentiary matters might not be relevant in a civil prosecution for a violation of the statutory scheme, they would be admissible in evidence in a criminal trial to raise a disputed factual issue on the defendant’s alleged lack of culpability, to be determined by the jury.[5]
In the present case, the appellant attempted to raise a “good faith” argument before the jury through eliciting testimony during cross examination of the state’s witnesses, concerning an assignment of a note and mortgage to the trust fund prior to the sales for which the defendant failed to remit required contributions to the fund. It was his theory that such prepayment to the fund excused his failure to make contributions subsequent to the sales since no deficit existed. The trial judge restricted this line of questioning on the basis that it was irrelevant. In addition, the trial court denied a requested instruction to the jury that a mistaken belief by the defendant, made in good faith and on reasonable grounds that the tendered mortgage constituted a requisite amount to cover subsequent required contributions to the care and maintenance trust fund, may be sufficient to absolve the defendant of criminal responsibility. Appellant argues that this was error. We disagree. A defendant may introduce evidence to negate intent, but proof of a lack of any deficit in the fund, or proof of prepayment are not relevant to this issue.
Appellant’s second issue alleging vagueness of these statutory provisions is without merit. Any alleged standardless discretion vested in the Department of Banking and Finance to control the size of the trust corpus, is irrelevant to appellant’s conviction, since he was not charged with making unauthorized withdrawals from the trust fund, nor did he seek to acquire permission from the department to withdraw monies from, or cease contributions to the trust fund of Belleview Memorial Park Association.
Appellant’s third issue concerning the state’s alleged use of criminal penalties to enforce contractual rights, in violation of article I, section 16, Florida Constitution, is without merit. Clearly, the statutes requiring contributions to the care and maintenance trust fund are independent of any individual contract rights, and embody the public purpose of protecting the public from unsightly and ill-kept cemeteries, without the necessity to appropriate further public funds for maintenance purposes.
Finally, we determine that the information was sufficient to charge the defendant with the crime for which he stands convicted, and that there was no fatal variance between those charges in the information and the proof offered at trial. Appellant had exclusive authority and control over the finances of the cemetery corporation and was solely responsible for any deposits or withdrawals from any bank account or trust fund account operated by the cemetery corporation. It should be noted that appellant acknowledged in an affi *508 davit his responsibility for the management of the trust fund accounts. In essence, the payments were received by him through his subordinates. After receiving such payments for the purchase of burial rights, appellant failed to make the required contributions to the care and maintenance trust fund within the statutory time limits.
Finally, the court wishes to emphasize that this court’s appellate jurisdiction is limited by the state constitution and includes review of trial court orders passing upon the constitutional validity of a state statute. Where an argument as to the constitutionality of a statute is “obviously frivolous or, at most, colorable and is employed solely to provide some appearance of a basis for invoking this court’s jurisdiction,” City of Miami v. Steckloff, 111 So.2d 446, 447 (Fla.1959), this court will generally refuse to accept jurisdiction and transfer the case to the proper lower court. But once a case has been accepted and the issues briefed and argued, transfer of the cause involves a repetitive waste of judicial time and energy. A plea from this court to appellate lawyers to use restraint in raising constitutional challenges to state statutes based upon frivolous arguments or where unnecessary to the determination of the case, will most likely fall upon deaf ears.[6] Therefore, we urge appellees to carefully examine these jurisdictional issues and raise with the court, prior to argument, motions challenging the necessity of Supreme Court appellate review.
Having considered the issues raised here, and finding them without merit, this court affirms appellant’s conviction.
It is so ordered.
ENGLAND, C. J., and ADKINS, BOYD, OVERTON and ALDERMAN, JJ., concur.

.In addition to the constitutional issues argued here, appellant raised several other constitutional objections to the statute in the trial court: (1) that the statute attempts to predicate a criminal offense on future acts or contingencies or on the taking place of some future event; (2) that the criminal penalties are not fairly included in the subject expressed in the title; (3) that the statute does not sufficiently define which corporate officials may be held liable for the company’s failure to make required contributions.

. Pursuant to art. V, § 3(b)(1), Fia.Const. (1968).

. Ch. 559, Part IV, Florida Cemetery Act (1975).

. In the trial court, appellant argued that the statute’s vagueness was compounded by the focus of the statute’s criminal penalties on an act of “omission,” subjecting a corporate officer to criminal liability for his failure to do an act. The trial court rejected this argument holding that the statute need not contain the common-law element defining mental attitude or criminal intent. We agree that the statute does not require the state to prove specific criminal intent to deplete the care and maintenance trust fund. The statute imposes a clear legal duty on cemetery operators. Absent a clear expression by the legislature that it intended to create a strict liability offense, however, we are inclined to conclude that the statute does not subject persons to criminal penalties for excusable or merely negligent breach of the statutory duties. The evidence in this record is sufficient to support a conclusion of criminal culpability.

. An interesting discussion of criminal culpability is contained in the recent decision of the United States Supreme Court in United States v. United States Gypsum Co. et al., 438 U.S. 422, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978). See also, Fletcher, George R., “The Theory of Criminal Negligence: A Comparative Analysis,” University of Pennsylvania Law Review, Volume 119, p. 401.

. Appellate counsel should take care that their efforts to expand jurisdiction by focusing on constitutional arguments solely to obtain direct review by this court do not obscure lesser, but significant, trial errors.