John L. JOFFE, by Audrey J. Joffe, His Natural Guardian, Melvin J. Joffe and Audrey J. Joffe, Appellants,

v.

BEATRICE FOODS COMPANY, a Corporation, Respondent.

No. 47555.

Supreme Court of Missouri,

Division No. 1.

May 9, 1960.

Henry G. Eager, Franklin H. Mize, Kansas City, for appellants. Blackmar, Swanson, Midgley, Jones & Eager, Kansas City, of counsel.

James W. Benjamin, Rogers, Field, Gentry & Jackson, Kansas City, for respondent Co.

COIL, Commissioner.

John Joffe claimed $25,000 in count 1 for alleged personal injuries and his parents claimed $5,000 in count 2 for alleged loss of services and medical expenses, in their action for damages. Plaintiffs named four parties as defendants and averred that they were jointly and severally liable.

In the afternoon of June 6, 1957, plaintiff John Joffe was a passenger in an automobile being driven by defendant Willis Frazee west on Highway 40 about 18 miles west of Boonville. Preceding Frazee was a westbound automobile operated by defendant Virginia Wilson. Defendant Noble Crisp was driving an eastbound automobile with which Frazee collided. Also eastbound and following the Crisp automobile was a truck owned by defendant Beatrice Foods Company, a corporation.

At the close of plaintiffs' evidence the trial court directed verdicts for defendants Beatrice Foods, Virginia Wilson, and Noble Crisp, and the trial proceeded against Frazee. The jury returned a verdict on count 1 for $7,000 and on count 2 for $2,500. A judgment for $9,500 was entered against defendant Frazee. Plaintiffs filed their joint motion for new trial as to defendants Beatrice Foods and Virginia Wilson. In that motion they averred that the trial court had erred in sustaining the respective motions of Beatrice Foods and Virginia Wilson for directed verdicts because plaintiffs had presented a submissible case against each. The trial court overruled that motion on March 26, 1959.

The record book reflecting the judgment entered on the jury's verdict contained this marginal notation: "Payment of $5,025 hereon is received from and upon behalf of defendant Willis Eugene Frazee this 27th day of March, 1959 * * *." Plaintiffs appealed from the judgment theretofore entered against them and in favor of Virginia Wilson and Beatrice Foods. They later dismissed as to Virginia Wilson and, consequently, the only defendant below who remains a respondent here is Beatrice Foods Company.

Respondent contends that we are without jurisdiction because the amount in dispute does not exceed $7,500. We are of the opinion that its contention must be sustained.

██ Plaintiffs chose to bring one action against four alleged joint tortfeasors. Consequently, there properly could be only one judgment in the same amount against all defendants who were held liable. Lambert v. Jones, 339 Mo. 677, 98 S.W.2d 752, 760[12, 13]; Yarrington v. Lininger, Mo., 327 S.W.2d 104, 111[7]. Plaintiffs proceeded to trial against all four defendants but obtained a judgment ($9,500) against only one, viz., Frazee. Plaintiffs filed no motion for new trial as to that defendant on the ground of inadequacy of verdict and thus did not below and may not and do not here raise any question as to the amount of their recovery against joint tortfeasor Frazee. Plaintiffs chose to permit the total amount of their recovery (i. e., one judgment in the same amount against all defendants) to become fixed by permitting the judgment against joint tortfeasor Frazee to become final. Inasmuch, therefore, as the record affirmatively shows, and plaintiffs concede, that they have received $5,025 on account of the $9,500 judgment, it is clear that the only amount which could be in dispute between plaintiffs and present respondent Beatrice Foods Company is $4,475.

We think our lack of jurisdiction under the circumstances of this case has been settled by the banc case of Lemonds v. Holmes, Mo., 229 S.W.2d 691. See also Heninger v. Roth, Mo.App., 260 S.W.2d 855, 856[1], and Deming v. Williams, Mo. App., 321 S.W.2d 720, 721.

Appellant, however, seeks to avoid the effect of the Lemonds and Heninger cases, supra, by contending that there is a decisive difference between a situation where, as here, the trial court directed a verdict for a defendant at the close of plaintiffs' evidence, and one where, as in the Lemonds and Heninger cases, the jury returned verdicts for the defendants who were respondents in the appellate courts in those cases. Plaintiffs argue that those defendants remained active parties throughout the cases, while in this case Beatrice "was not a party to the case at the time of submission, verdict and judgment * * [and] may not now claim a benefit from the $9,500 judgment which was entered against Frazee * * *." We think the suggested difference does not affect the validity of the reasons for our lack of jurisdiction stated in the Lemonds case.

■ In the first place, we note that even though Beatrice did not participate in the trial after it chose to file its motion for directed verdict at the close of plaintiffs' evidence and that motion was sustained, nevertheless, Beatrice surely remained a "party to the case" at all times as is evidenced by the fact that plaintiffs' appeal was from the judgment in favor of Beatrice and against plaintiffs entered at the conclusion of the case and by the fact that Beatrice is the respondent here. Furthermore, plaintiffs could not have maintained a new action against Beatrice after direction of the verdict because a judgment for Beatrice entered on the directed verdict was res judicata between the parties. Thus, in our view, the direction of verdicts for Beatrice and two other defendants did not, as plaintiffs imply, convert the action which was brought and tried against four defendants jointly into four separate actions. More important, however, on plaintiffs' contention that the Lemonds case is not applicable, is the fact that the question here is not what Beatrice's rights may be, or might be in some supposed circumstances or what "benefit from the $9,500 judgment" Beatrice may or may not claim; the question, as we see it, is what plaintiffs' rights are and what plaintiffs may claim under the circumstance that they failed to object to the amount of their recovery. As we have said, plaintiffs' failure to have filed a motion for new trial as to Frazee on the issue of damages only, claiming inadequacy of verdict, was tantamount to an acceptance by them of the fact that their total recovery, irrespective of the number of defendants finally liable, was in the sum of $9,500.

Plaintiffs rely on Smith v. Star Cab Co., 323 Mo. 441, 19 S.W.2d 467. There plaintiff sued a taxicab company and the driver of another car with which the cab collided. The verdict was against the cab company for $2,000 and in favor of Terry, the driver of the other car. Plaintiff appealed from the judgment in favor of Terry. The cab company did not appeal. The judgment in favor of Terry was reversed and the case remanded for the error of the trial court in refusing to permit plaintiff to inquire as to prospective jurors' relations with insurance companies interested in the result of the trial. The court in its opinion did not discuss or mention the matter of jurisdiction and did not discuss or mention the question of the effect of the apparently unattacked $2,000 final judgment in plaintiff's favor. The judgment against the cab company was affirmed and the judgment in favor of Terry was reversed and the case remanded without any directions as to future procedure. We do not consider that the Star Cab case, supra, ruled any question here involved, and, furthermore, any effect favorable to present plaintiffs which that case might have on any question here was destroyed

by the banc case of Lemonds v. Holmes, supra.

It follows that the appeal should be and it is transferred to the Kansas City Court of Appeals.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.