Robert L. HIGGINS, the Sole Surviving Parent of Gregory Patrick Higgins, a Minor, Deceased, Appellant,

v.

Claude GOSNEY, George Heiney, Colonial Baking Company of St. Louis, a Corporation, and Alton Banking and Trust Company, a Corporation, Administrator of the Estate of Theresa P. Higgins, Deceased, Respondents.

No. 52972.

Supreme Court of Missouri, Division No. 2.

Dec. 31, 1968.

As Modified on Court's Own Motion March 3, 1969.

Husch, Eppenberger, Donohue, Elson & Cornfeld, by Donald W. Bird, St. Louis, for appellant.

Murphy & Kortenholf, Edward E. Murphy, Jr., John R. Courtney, St. Louis, for respondent, Claude Gosney.

John J. Morris and Morris, Wuestling & James, St. Louis, for respondents, Heiney and Colonial Baking Co.

F. X. Cleary, Donald L. James, Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, for respondent, Alton Banking and Trust Co.

FINCH, Presiding Judge.

This is an appeal by plaintiff from a judgment entered in his suit for the wrongful death of his minor son. The trial court

directed a verdict for defendant Gosney and the jury returned a verdict for defendants Heiney and Colonial Baking Company. Plaintiff obtained a verdict of $5,000 against defendant Alton Banking and Trust Company, Administrator, but the trial court set that verdict aside and granted a new trial to Alton Banking on the basis of an allegedly prejudicial remark by plaintiff's counsel during argument to the jury. Plaintiff appeals, seeking a new trial as to Gosney, Heiney and Colonial Baking and reinstatement of his verdict against Alton Banking. We affirm the granting of a new trial to Alton Banking and reverse and remand for a new trial as to all other defendants.

■ A question has been raised as to our jurisdiction because plaintiff seeks to have the verdict against Alton Banking reinstated. Consequently, say certain defendants, only $5,000 is involved. Cases cited by defendants are Roark v. Gunter, Mo., 391 S.W.2d 258, Joffe v. Beatrice Foods Co., Mo., 335 S.W.2d 34, and comparable cases. The situation here presented is different from that involved in Roark v. Gunter. In that case plaintiff had a verdict for $12,250, after remittitur, against one defendant. Plaintiff sought a new trial as against the other defendant who had received a defendant's verdict. The defendant against whom plaintiff had obtained judgment also appealed but did not perfect that appeal. This left standing plaintiff's judgment against one of the defendants for $12,250. As a result, plaintiff would be limited to a maximum permissible recovery of $12,250 even if a new trial was obtained against the other defendant. This meant that $12,250 was involved and the Supreme Court had no jurisdiction. Similarly, in Joffe v. Beatrice Foods Co., supra, plaintiff obtained a verdict for $9,500 against defendant Frazee as to which there was no motion for new trial. A part of that judgment was paid by Frazee, but plaintiff secured a new trial as to defendant Beatrice Foods which the trial court had absolved on motion for

directed verdict. This court held that by permitting judgment as against defendant Frazee to become final, the amount of plaintiff's recovery became fixed and consequently the amount involved was insufficient to confer jurisdiction on this court. In contrast, there is no outstanding judgment in this case. The plaintiff does not have a judgment against any defendant for any amount. As the matter now stands, plaintiff seeks a new trial against defendant Gosney and against defendants Heiney and Colonial Baking. He actually has a new trial against Alton Banking. On all of these claims plaintiff will be seeking $25,000. Under these circumstances, the fact that plaintiff claims that his verdict for $5,000 was erroneously taken from him as to defendant Gosney does not govern, and we do have jurisdiction.

We detail the evidence because questions are raised as to whether plaintiff made a submissible case as to some of the defendants. The evidence, viewed in the light most favorable to plaintiff, would support the following recital.

On July 8, 1964, at about 6:10 p. m., Gregory Patrick Higgins, the deceased minor son of plaintiff, was a passenger in a Corvair automobile driven by his mother, Theresa P. Higgins, on Highway 67 in St. Louis County. In the vicinity of the accident Highway 67 runs essentially north and south. It is a 24-foot blacktop highway with a painted divider line down the center. At that point the highway slopes moderately downgrade to the north and curves to the left as one proceeds to the north. Rain had been falling and the blacktop was very slick.

The Higgins Corvair was traveling northward at about 35 to 40 miles per hour. It had been followed for about five miles by a Chevrolet driven by defendant Gosney, who was traveling at the same speed about 50 feet behind the Corvair. As the Corvair approached and started around the curve to the left, Gosney noticed its brake lights come on and the back end of the car began to fishtail. Gosney then began to pump his

brakes. The Corvair continued to fishtail and crossed over the center line so as to be at least partially on the left-hand (west) side of the road.

At a point which Gosney estimated to be 200 feet after he first started to apply his brakes, he observed the tractor-trailer unit of defendant Colonial Baking Company (driven by defendant Heiney) approaching from the opposite direction. Gosney fixed the distance between his car and the truck at as much as 400 feet, which would have meant a distance of 350 feet at that time between the truck and the Higgins Corvair.

The Corvair continued to fishtail and then the back end swung around and the car began to slide down the highway sideways, straddling the center line. The front end of the Corvair was facing east (Gosney's right). This continued until the collision occurred.

Defendant Heiney, the truck driver, testified that he was traveling up the grade at 40 to 45 miles per hour (the maximum posted speed was 40) and did not see the Corvair until it was about 75 feet away. He did not at any time see the Gosney Chevrolet until after the accident. Heiney let up on his accelerator when he saw the Corvair but didn't immediately apply his brakes. However, he did so shortly although he did not ever fix the distance between the truck and the Corvair at the time he started to apply his brakes. When the truck was about 15 feet from the Corvair, Heiney attempted to turn left but his truck still was in its own lane at the time of impact. The front of the truck hit the center of the Corvair on its left-hand side. Heiney was not able to fix his speed at the time the truck and the Corvair collided.

The collision caused the Colonial tractor-trailer to jackknife. The back end of the trailer remained entirely in the southbound lane but the front end extended into the northbound lane and the tractor was entirely in the northbound lane and on the east shoulder. The truck pushed the Corvair back to the south a distance of 30 feet, and as it did so, it shoved it eastwardly onto the northbound lane and east shoulder.

Meanwhile, defendant Gosney had swerved his car to the right toward the shoulder and his car was two-thirds off onto the east shoulder at the time he collided with the Corvair. The left front corner of his Chevrolet hit the right rear fender of the Corvair. Gosney estimated that his speed at the time of said impact was 18 to 20 miles per hour, and he said that the truck and the Corvair were almost stopped at that time.

Gregory Higgins, his mother, Theresa, and his grandmother, also a passenger in the Corvair, were all killed instantly. The only other eyewitnesses were Gosney and Heiney, both of whom testified.

■■■ At the outset, and before we consider the various assignments raised on appeal by plaintiff, we should and do consider the contention urged by defendant Alton Banking (and adopted by the other defendants) that, regardless of any other issues in the case, plaintiff did not make a submissible case in that no pecuniary loss by him was shown. For that reason, say these defendants, their motions for a directed verdict should have been sustained. The brief of defendant Alton Banking states that "plaintiff was not entitled to the services and earnings of his minor son, having abandoned such right by failing to support decedent from the time decedent was fifteen months old until his death at the age of eight years". We find no merit in this contention. The wrongful death claim asserted by plaintiff is created by § 537.080, V.A. M.S.[1] This statute provides that an action for death of an unmarried minor is vested in the parents, each of whom has an equal interest in the recovery. The statute makes no reference to the marital status as between the parents. It does not say that

---

1. This section was amended in 1955, see Laws 1955, p. 778, § 1, and again in 1967, see Laws 1967, p. —, Senate Bill No. 187, § 1.

recovery shall belong to the parents in proportion as they have contributed to his support. This is a single recovery for the equal benefit of both parents, the amount of recovery to be such amount as the jury finds under appropriate instructions to be the damages which the death occasioned to the parents. If either parent is deceased, the right of action and the entire recovery vests in the survivor. This is what occurred here. The father's statutory cause of action as the surviving parent is neither destroyed nor affected by the fact that he and the boy's mother had been divorced or that the decree vested custody in the mother, subject to limited periods with the father, or that the divorce decree contained no provisions for child support. The cause of action asserted is the same one that both parents could have asserted if the boy's mother had survived. We have considered the cases cited by the defendants but we do not consider them to be decisive of the issue raised by these defendants.

We proceed then to consider assignments raised by plaintiff on appeal. He first asserts that the trial court erroneously directed a verdict for Gosney because there was sufficient evidence to warrant the jury in finding that Gosney traveled at an excessive rate of speed under the circumstances and was following too closely and that such negligence was a direct and concurring cause of the collision and resulting death of plaintiff's son.

The evidence most favorable to plaintiff was that Gosney had followed the Corvair for several miles, traveling 35 to 40 miles per hour and maintaining a distance between the two cars of approximately 50 feet. Gosney's vehicle was in excellent mechanical condition and a reasonable stopping distance at 40 miles per hour under the conditions then and there prevailing was 101 feet. At 30 miles per hour, the stop-

ping distance would have been 76 feet. Gosney started pumping his brakes when the brake lights of the Corvair flashed on and it began to fishtail and cross the center line. Gosney then traveled a distance of 200 feet behind the Corvair before he saw the Colonial truck approaching about 400 feet away. Thereafter, the Colonial truck and the Corvair closed the gap of approximately 350 feet which separated them and collided, during which time the Corvair swung around and began to slide sideways down the middle of the highway. During all of this time, Gosney continued to maintain a distance of approximately 50 feet between his car and the Corvair. When he hit the rear fender of the Corvair after its collision with the truck, he was going 18 to 20 miles per hour. Thus, the jury could have found from the evidence that Gosney, from the time he first observed the Corvair approach and enter the curve and begin to act erratic, traveled more than 300 feet,[2] and that during this time he slowed his car only from 40 miles per hour to approximately 20 miles per hour and did not lessen the distance between his car and the Corvair, even though he could have stopped his automobile in a distance of 101 feet. The jury would have been justified in finding that Gosney could and should have decreased his speed and increased the distance between the Corvair and himself sufficiently that there would have been no collision even though the Corvair was shoved back 30 feet by the truck.

The trial court indicated that he sustained Gosney's motion for a directed verdict primarily because the evidence disclosed that the Corvair was shoved or knocked back by the Colonial truck a distance of 30 feet into the path of Gosney's car and that this was not foreseeable by him. In support of this action, defendant cites Joffe v. Beatrice Foods Co., Mo.App., 341 S. W.2d 880. The factual situation in that

2. Gosney's testimony would justify a finding that he traveled 200 feet after the Corvair began to act up and he began to pump his brakes before he even saw the Colonial truck. Thereafter, the Cor-

vair and the Colonial truck closed the gap of 350 feet separating them before they collided, and the truck and Gosney closed a gap of approximately 400 feet.

case was entirely different. A car coming from the opposite direction turned abruptly onto its left-hand lane when 20 feet or so away from a car in front of the Beatrice Foods truck, knocking that car back 25 feet into the path of the truck. Under that factual situation, the court held that the driver of the Beatrice Foods truck could not reasonably have anticipated the occurrence. In contrast, defendant Gosney had followed the Corvair for more than 300 feet as it fishtailed back and forth, crossed and straddled the center line, and then turned sideways and slid down the center of the highway toward a tractor-trailer approaching from the opposite direction. As we have pointed out, Gosney had ample warning and opportunity to act, as well as the ability to act, and the fact that the Corvair was shoved back 30 feet does not establish that a submissible case was not made against Gosney. We also have considered the other cases cited by defendant Gosney but they do not dictate a result contrary to the one we reach herein.

■ We hold that the evidence was sufficient to make a submissible case against Gosney on following too closely and on excessive speed under the circumstances. Sundermeyer v. Lentz, Mo., 386 S.W.2d 16 [5]; Van Hook v. Strassberger, Mo.App., 259 S.W.2d 399 [16]. The plaintiff is entitled to a new trial as to defendant Gosney.

Plaintiff seeks a new trial as to defendants Heiney and Colonial Baking on the basis that they offered and the court gave two converse instructions to a single verdict directing instruction, which constituted reversible error. Plaintiff's verdict directing instruction pertaining to defendants Heiney and Colonial Baking was as follows:

## INSTRUCTION NO. 2

"Your verdict must be for plaintiff and against defendants George Heiney and Colonial Baking Company if you find and believe:

"FIRST: Plaintiff is the sole surviving parent of Gregory Patrick Higgins, an unmarried minor child, and

"SECOND: George Heiney, either:

Drove at an excessive speed,

or failed to keep a careful lookout, and

"THIRD: George Heiney's conduct, in one or more of the respects submitted in paragraph second, was negligent, and

"FOURTH: Such negligence directly caused or contributed to cause the death of Gregory Patrick Higgins."

In response thereto, these defendants gave two converse instructions, as follows:

## INSTRUCTION NO. 7

"The verdict must be for defendants George Heiney and Colonial Baking Company unless you believe that defendant George Heiney either failed to keep a careful lookout, or drove at an excessive rate of speed."

## INSTRUCTION NO. 8

"Your verdict must be for George Heiney and Colonial Baking Company unless you believe that plaintiff sustained damages, as a direct result of defendant, George Heiney's negligence as submitted on Instruction No. 2."

■ In both Nugent v. Hamilton & Sons, Inc., Mo., 417 S.W.2d 939, and Murphy v. Land, Mo., 420 S.W.2d 505, this court specifically held that the giving of multiple converse instructions to a single verdict directing instruction violated the directions and "Notes on Use" of MAI and constituted reversible error. Those cases are applicable and govern here.

Defendants Heiney and Colonial Baking assert that they were misled by the "Notes on Use" following MAI 29.02 on page 249. The language to which these defendants refer states that " * * * the introduction

'if you do not believe' is *not* suitable for conversing multiple negligent acts submitted in the disjunctive". The Notes then proceed to say, "For such converse instructions use the form similar to converse instruction 29.04(5)". These defendants argue that this direction told them to and made it mandatory for them to use MAI 29.04(5), which they did. They argue further that they also wanted and were entitled to converse causation, which 29.04(5) did not do, and hence they used 29.04(3), which was the approved instruction conversing causation.

In the first place, we do not interpret the Note to which these defendants make reference as saying that it was mandatory for them to use 29.04(5). The Note is discussing the propriety of using the term "if you do not believe" where there is a submission of multiple acts of negligence, and it refers the attorney to forms which contain the language "unless you believe" in lieu of "if you do not believe" as contained in 29.02. The direction is to use a form similar to 29.04(5) and is not a mandatory direction to use 29.04(5). We do not consider that this direction on page 249 of MAI indicates that a defendant may use 29.04(5) and then use a second instruction to converse causation where plaintiff has used a single verdict directing instruction. Particularly is this true when the "Notes on Use" appearing on page 253 following 29.04(5) say specifically and pointedly, "Defendant may give only *one* converse for each verdict directing instruction."

Actually, in wrongful death actions, it would be inappropriate to tell the jury that their verdict must be for defendant if they do not find that plaintiff sustained damages. Such a converse instruction should not be given. This is true for the reason that nominal damages may be recovered even though actual damages are not sustained. Aubuchon v. LaPlant, Mo., 435 S.W.2d 648.

Under Supreme Court Rule 70.-01(c), V.A.M.R., it is our duty to judicially determine the prejudicial effect of the error in the giving of Instructions Nos. 7 and 8. In Murphy v. Land, supra, l.c. 505, we held that such error "will be presumed prejudicially erroneous unless it is made perfectly clear that no prejudice has resulted". In this case the jury returned a verdict for both Heiney and Colonial Baking. Their brief does not demonstrate or make it clear that such verdict was not influenced by the fact that they gave multiple converse instructions. Consequently, we hold that the giving of Instructions 7 and 8 constituted reversible error.

Defendants Heiney and Colonial Baking further assert that any error in the giving of Instructions Nos. 7 and 8 was harmless for the reason plaintiff did not make a submissible case as to them and their motions for directed verdicts should have been sustained.

We already have recited the pertinent evidence. It shows, when considered in the light most favorable to plaintiff, that Heiney, the driver of the truck, could have seen the Corvair 350 feet away at a time when it was already fishtailing and then sliding sideways, at all of which times it was wholly or partially on its wrong side of the road and hence directly in the path of the Colonial Baking truck. It further shows that the truck was traveling 40 to 45 miles per hour and that Heiney did not see the Corvair until it was only 75 feet away and took no action to try to avoid the collision until after that time. These two defendants say that their speed and failure to keep a lookout is immaterial because the collision would have occurred anyway. They argue that the collision could have been avoided only if the Bakery truck had left the west lane in which it was traveling because, they say, if the truck had simply stopped in its own lane, the Corvair still would have collided with the truck. Defendants then say that their truck could not have been driven onto the east or left side of the highway because

of the approaching Gosney car, and that the record is devoid of any evidence or exhibits to show that the truck could have been driven to the right onto a shoulder on that side of the highway.

■ We need consider only this last contention in order to demonstrate that a submissible case was made. It is true that no witness testified as to the width of the shoulder on the west side of the highway. However, plaintiff's Exhibit 22 and defendant Gosney's Exhibits A and B all clearly show a wide shoulder on the west side of the highway. In Exhibit 22 what appears to be a wrecker is parked entirely on that shoulder adjacent to the truck after the accident and several people are standing on the shoulder several feet from the paved roadway. The other exhibits show this wide shoulder extending along the west side of the paved highway. They show a shoulder sufficiently wide and level to accommodate the Colonial Baking truck. We hold that the evidence is sufficient to make a submissible case as to the defendants Heiney and Colonial Baking. If Heiney had maintained a careful lookout and had observed the Corvair slipping and sliding down the highway, all or partly in his lane, at a time when it was 350 feet away, he would have had time to have taken precautionary measures and slacked his speed and pulled to the right. The evidence was sufficient to submit to the jury the issue of whether or not the collision in question was caused or contributed to by negligence of defendants Heiney and the Baking Company in that respect.

Finally, plaintiff claims reversible error by the trial court in granting a new trial to defendant Alton Banking on account of a speaking objection made by counsel for plaintiff to argument by counsel for Alton Banking. Counsel was arguing to the jury the question of whether the evidence disclosed loss by the father (plaintiff) and mentioned that the mother had custody of and supported the deceased son Gregory. He then proceeded to a discussion of support by the father and said: "Not one word from his lips as to what he ever gave the boy or the mother during this boy's lifetime, from the age of fifteen months to eight." Counsel for plaintiff then said: "I object to that. The evidence was kept out on his objection because of violation of the Dead Man's Statute." Counsel for Alton Banking promptly asked for a mistrial on account of this allegedly prejudicial statement. The trial court struck the remark and told the jury to disregard it but denied the motion for a mistrial. However, the trial court subsequently sustained Alton Banking's motion for a new trial, doing so specifically on account of the above incident. That motion for new trial asserted that this statement by plaintiff's counsel indicated to the jury that defendant's attorney was making a misstatement in his argument and that there was in fact evidence available that plaintiff had made payments which was kept from the jury by defendant.

■ The briefs on this point consider at some length the propriety of the remark and of the action of the trial court thereon. We do not consider it necessary to recite that discussion herein because the fact remains that determination of whether the remark prejudiced defendant Alton Banking and whether a new trial should be granted on that basis involved an exercise of discretion by the trial court. On appeal, the reviewing court will interfere therewith only if there has been an abuse of discretion. Furthermore, when the trial court has sustained the motion for new trial, the reviewing court is more liberal in upholding the action of the trial court than when a new trial has been denied. Clevenger v. Walters, Mo., 419 S.W.2d 102 [1]; Tate v. Giunta, Mo., 413 S.W.2d 200 [1, 3, 4].

■ The question presented to us is not what we would have done with reference to granting a new trial on this issue. Rather, we must determine whether the trial judge, who presided over the trial and is best able to know from observation the

probable effect of the remark complained of, has so clearly abused his discretion as to cause us to interfere with his action in granting the new trial. We hold such an abuse of discretion has not been shown, and we decline to interfere.

Accordingly, the action of the trial court in granting a new trial to defendant Alton Banking and Trust Company, Administrator, is sustained. The judgment in favor of defendants Gosney, Heiney and Colonial Baking Company is reversed and the cause is remanded for a new trial as to all of said defendants.

All of the Judges concur.