**William H. CLONINGER, Plaintiff-Appellant,**

v.

**James WOLFE, Defendant-Respondent,**

**and**

**William L. Larson, a/k/a Wilbur L. Larson, Defendant.**

**No. 9107.**

Springfield Court of Appeals, Missouri.

Dec. 10, 1971.

Horace S. Haseltine, Haseltine & Springer, Springfield, Harvey B. Cox, Jr., Cox, Cox, Cox, McEnery & Wallace, St. Louis, for plaintiff-appellant.

Amos Wight, Ewing, Ewing, Carter, Wight, Woodfill & Middleton, Nevada, Robert L. Ross, Columbia, for defendant-respondent.

PER CURIAM:

Plaintiffs, husband and wife, in their Third Amended Petition claimed damages against defendants Wolfe and Larson, as principal and agent, in the respective sums of $50,000 and $10,000. A jury returned a verdict for defendants on the plaintiff-wife's derivative claim but could not agree upon a verdict on the plaintiff-husband's cause of action and was, therefore, discharged. The trial court (V.A.M.R. Civil Rule 72.02), in granting defendant Wolfe's motion for judgment in accordance with his motion for a directed verdict, entered judgment against the plaintiff-husband and in favor of defendant Wolfe. Thereafter, by leave of court, the plaintiff-husband filed a Fourth Amended Petition alleging he had been damaged in the amount of $25,000. Defendant Larson answered this pleading but did not appear in person or by counsel when the claim on the Fourth Amended Petition was court-tried and a $25,000 judgment was entered in favor of the plaintiff-husband and against defendant Larson. The only appeal taken in this matter was to this court by the plaintiff-husband from the judgment in favor of defendant Wolfe "which became final when the judgment for [plaintiff-husband] against the other defendant [Larson] became final." V.A.M.R. Civil Rule 82.06.

Defendant Wolfe, the respondent in the pending appeal, challenges the appellate jurisdiction of this court and, in effect, has moved that the cause be transferred to the Supreme Court because, so he says, the amount in dispute, exclusive of costs, ex-

ceeds the sum of $30,000. V.A.M.S. § 477.040. Respondent asserts that when judgment was rendered in his favor against the plaintiff-husband on the Third Amended Petition, the amount then in dispute was $50,000, which sum exceeds our present appellate jurisdiction, and that plaintiff-husband cannot defeat the appellate jurisdiction of the Supreme Court by making a post-judgment reduction in his prayer for damages. Powers v. Missouri Pac. Ry. Co., 262 Mo. 701, 705–706(1), 172 S.W. 1, 2(2). It is unnecessary that we consider this point for it is not apropos. Plaintiff-husband, by not appealing from the judgment in his favor against defendant Larson, has permitted the maximum amount of his possible recovery against respondent, or respondent and defendant Larson, to become fixed at $25,000. Consequently, the amount in dispute upon this appeal does not exceed $30,000, and we have appellate jurisdiction. Joffe v. Beatrice Foods Company, Mo., 335 S.W.2d 34, 35(1); Daniels v. Dillinger, Mo.App., 445 S.W.2d 410, 412(1). Respondent's motion is overruled and the appeal will be heard in this court upon its merits.

All concur.