Changhee YOON and Jungjah Yoon,
Plaintiffs-Appellants,

v.

CONSOLIDATED FREIGHTWAYS,
INC., and Paul W. King,
Defendants-Respondents.

No. 68435.

Supreme Court of Missouri,
En Banc.

March 17, 1987.

Rehearing Denied April 14, 1987.

James S. Collins, St. Louis, for plaintiffs-appellants.

Lawrence B. Grebel, Terese A. Drew, St. Louis, for defendants-respondents.

HIGGINS, Chief Justice.

Changhee and Jungjah Yoon, husband and wife, brought this action after a truck driven by a Consolidated Freightways' employee struck Changhee. The jury returned a verdict in favor of plaintiffs; the trial court ordered a new trial. The Court of Appeals, Eastern District, reversed the trial court and directed reinstatement of the verdict. This Court transferred the case to examine a question of jury misconduct premised on jurors dozing during trial. Affirmed.

Plaintiffs alleged that King, the driver of the truck, while acting for his employer, negligently backed into Changhee. The jury returned a verdict for plaintiffs and assessed 10 percent fault against Changhee. The jury awarded the husband $500,000 reduced to $450,000 on his personal injury claim, and awarded the wife $10,000 reduced to $9,500 on her loss of consortium claim. The trial court sustained defendant's motion for a new trial on three grounds: 1) juror misconduct of dozing off during trial; 2) three instances of juror misconduct in not disclosing prior claims; 3) the aforementioned misconduct resulted in an excessive verdict under the evidence of damages in this case.

During the afternoon recess on the third day of trial, defendants' attorney brought the court's attention to several jurors who "were sleeping, or at least had their eyes closed and gave the appearance of being sleeping for a substantial portion of the afternoon testimony." The attorney stated that the jurors' conduct was prejudicial due to the significance of the medical testimony presented during that period and moved for a mistrial. The trial judge noted that he too had observed several jurors with their eyes closed or their heads bobbing during the afternoon session. He denied defendants' in-trial motion for a mistrial stating that he did not know if they were actually sleeping and that he would reconsider the charge if preserved in a motion for a new trial.

A claim of juror misconduct based upon jurors dozing during trial must be made known to the court at the time of trial and cannot be raised for the first time

in a motion for a new trial. *Ward v. Goodwin,* 345 S.W.2d 215 (Mo.1961). A court must find that the juror misconduct prejudiced a party before it may declare a mistrial or order a new trial. *State v. Edmondson,* 461 S.W.2d 713 (Mo.1971).

Defendants made timely objection to the jurors dozing. When defendants first raised the issue prejudicial effect could not have been known. After the court received the jury's verdict it determined that it was excessive and that in the trial court's opinion the verdict resulted from the specified juror misconduct. The nature of the medical evidence presented during the period when the jurors were inattentive could have persuaded the trial court that the dozing prejudiced defendants. Whether the trial court was absolutely certain that the jurors had been sleeping is irrelevant; the court determined that they appeared to be dozing and that the excessive verdict evidenced the prejudice which resulted from their inattentiveness.

Appellate courts should be more liberal in upholding a grant of a new trial than in awarding a new trial when the trial court denies the motion. *Simpson v. Kansas City Connecting Railroad Company,* 312 S.W.2d 113 (Mo. banc 1958), *cert. denied,* 358 U.S. 825, 79 S.Ct. 41, 3 L.Ed.2d 65. When the trial court grants a new trial on discretionary grounds appellate courts usually defer to its decision. *Id.* at 120. The trial judge who directs the course of the trial and personally observes the basis of the ruling is in the best position to know the effect of the error. *Benjamin v. Metropolitan Street Ry. Co.,* 245 Mo. 598, 151 S.W. 91 (1912); *Higgins v. Gosney,* 435 S.W.2d 653 (Mo.1968). The question on appeal is whether the trial court abused its discretion in granting the new trial on discretionary grounds. *Higgins,* 435 S.W.2d at 661–662.

The trial court granted the new trial on three discretionary grounds. It stated that each of the grounds alone would be sufficient for grant of a new trial and that the accumulated effect clearly demonstrated prejudice. The court of appeals found that no juror misconduct occurred and that the excessive verdict alone could not warrant a new trial.

As this Court has previously noted: "Not everything that occurs during the trial with its full influence as discerned by the trial judge can be shown in the record that is sent to the appellate court." *Benjamin,* 151 S.W. at 97. The record does not demonstrate that the trial court abused its discretion in finding that several jurors dozed during the trial. It does show that the Court observed jurors with their eyes closed or their heads bobbing, evidence sufficient to support the inference of dozing. Its initial denial of the motion for a mistrial did not preclude it from reconsidering the issue in context of the entire trial and the verdict. The trial court's determination that juror misconduct caused an excessive verdict can be sustained on the basis of the dozing alone. A single ground of error, if prejudicial, will warrant the grant of a new trial. *State ex rel. State Highway Commission v. Klipsch,* 414 S.W.2d 783 (Mo. 1967). Whether the jury intentionally withheld information about prior claims and whether the demise of remittitur gives trial courts the authority to grant new trials on the basis of excessive verdicts alone, as opposed to grossly excessive verdicts, need not be addressed.

The judgment of the trial court is affirmed.

All concur.